THE SUNNYSIDE MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ED. BORDEN, Defendant in Error.)

*Opinion filed February 18, 1926—Rehearing denied April 9, 1926.*

1. WORKMEN'S COMPENSATION—*when statement in application and in testimony as to date of injury is not material.* The statement in an injured miner's application and testimony that his injury occurred on a certain date, which, as a matter of fact, was a legal holiday, when the mine was not in operation, is not material, where it is admitted that the mine was in operation on the days immediately following the holiday and the evidence shows the notice of the injury was within the period of limitation.

2. SAME—*when award is justified notwithstanding evidence of pre-existing disease.* Although the evidence shows that the employee, prior to the injury for which compensation is claimed, had general arthritis of the spine, an award for permanent partial incapacity will not be set aside where there is evidence to support the finding that the effect of the injury was to aggravate the disease so as to render the employee incapable of performing his usual and customary work.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

JOHNSON & PEFFERLE, for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error made application for compensation for an injury alleged in his petition to have been received on January 2, 1922, while in the act of re-setting a car in a room of plaintiff in error's mine. The track was sloping and the car contained about ten bushels of coal. In moving this car he was in front of it, with his back against it, and

his son, Damon Borden, was behind it, holding back. The car got out of their control and pushed Borden against the face of the mine, catching his hips and trunk between the car and the face of the mine.

On a hearing before the arbitrator applicant's evidence consisted of the testimony of defendant in error and his son. Dr. Carl Baker and E. G. Brown, mine clerk, testified for plaintiff in error. Borden testified that when he finally succeeded in getting out from between the car and the coal he crawled to one side and lay upon the floor for a few minutes and then straightened up and crawled to the other side of the room and lay there from the time of the injury, about ten or eleven o'clock in the morning, until four o'clock in the afternoon. His testimony was corroborated by his son.

Plaintiff in error contends, first, that the accident did not occur to Borden on January 2, 1922; second, that no notice was given; and third, that Borden's disability at the time of the hearing was not due to the accident. There is no denial in the record as to his having received the injury. Both he and his son testified that the son, at his direction, notified the mine boss on the second day after the injury that Borden was hurt and was unable to come to work, and that about a week later Borden himself told the mine boss that he got hurt in the mine and wanted compensation. This is denied by the mine clerk, Brown, who testified that during the first two weeks in January Borden told the mine manager that he had been off with rheumatism, due to working in a wet room, and that he thought he was entitled to compensation, but that he did not report an injury to his hips and back. Borden and his son contradicted this testimony on rebuttal. On the hearing before the commission the mine manager, Charles Moore, also denied that any injury had been reported to him by Borden or his son but that Borden had asked for compensation as a result of rheumatism. He stated that he would not say positively that no notice of the accident was given. We are unable in this

condition of the record to say that the commission was not justified in finding that notice was given.

It is contended that Borden is bound by his application and testimony stating that the accident occurred on January 2, 1922, and that as a matter of fact the mine was not in operation on January 2, as that day was observed as a holiday, New Year's day having occurred on Sunday. This is unimportant, as it is admitted that the mine was in operation on the 3d, 4th, 5th and 6th, and the evidence shows the notice was within the period of limitation.

The testimony in the record tends to show that the condition of the defendant in error will not improve. He testified that he is unable to do any lifting; that when he attempts to work he gives out; that he cannot work, because his hips, back, leg and spine bother him; that he has frequent pain and bleeding of the bowels since the time of his injury.

Dr. Baker testified before the arbitrator that he had examined the defendant in error just previous to that hearing; that he had general arthritis of the whole spine; that the vertebræ had spur formations and lipping of old standing; that his condition is permanent; that the second, third and fourth lumbar vertebræ are tilted extremely to the right; that he is of the opinion that this was not due to trauma. He testified, however, upon cross-examination, that a crushing injury to the hips might cause the passing of blood, as testified to by defendant in error, and that a spine affected by arthritis was more susceptible to an injury than a normal one; that it is not ordinarily painful if not lighted up, but that the effect of trauma on such a spine is to aggravate the trouble and to cause pain. The defendant in error testified that previous to the injury he had not suffered pain but that he has been in pain a great deal since that time.

The arbitrator gave an award of $8.17 per week for 416 weeks. The Industrial Commission reduced the award

to $6.23 a week for a period of 417 weeks because of permanent partial incapacity to perform his usual and customary work.

The questions raised in this record are questions of fact. After reading the entire abstract we are of the opinion that the preponderance of the evidence shows that while arthritis of the spine existed prior to the injury, the effect of the injury was to aggravate that condition. We would not, therefore, be justified in reversing the finding of the commission and the circuit court, and the judgment of that court will be affirmed.

*Judgment affirmed.*