**COMMONWEALTH MINING CO. et al. v. ATTERBERRY et al.**

No. 23865.   Opinion Filed May 16, 1933.

Ray McNaughton, Arthur G. Croninger, and J. Fred Swanson, for petitioners.

A. Clark, for respondent E. Atterberry.

CULLISON, J.   This is an original proceeding in this court by the Commonwealth Mining Company, a corporation, and its insurance carrier, the United States Fidelity & Guaranty Company, petitioners herein, to review an award of the State Industrial Commission made on June 20, 1932, in favor of E. Atterberry, claimant herein.

The record discloses that claimant received an injury to his left hand on January 21, 1925, while employed by the Commonwealth Mining Company, one of the petitioners herein.   Said injury was occasioned by a wrench slipping and throwing his hand into the cogs of a pinion wheel and bull wheel of the hoist, which he operated in his employer's mine, and resulted in the mashing of all four fingers and the traumatic amputation of the second and third fingers of the left hand.   Medical attention was furnished claimant by his employer, and report of initial payment of compensation made to the Industrial Commission on February 10, 1925.   Thereafter, claimant moved the Commission to determine the amount of compensation owing and order the insurer to pay the balance of the award in a lump sum settlement.   The Industrial Commission entered its order on claimant's application September 24, 1925, finding that 35 weeks' compensation had been paid, for which credit was given petitioners herein, and it was ordered that claimant be paid the remaining 15 weeks' compensation in the lump sum of $228.80, and his medical expenses. Claimant executed his final receipt to petitioners upon the payment to him of the sums awarded, and said settlement was approved by order of the Commission October 6, 1925.

It is apparent that the award of 50 weeks' compensation to claimant was arrived at by the addition of the 30 weeks' compensation allowable for the loss of the second finger, and the 20 weeks' compensation provided for the loss of the third finger, under subdivision 3 of section 7290, C. O. S. 1921, as amended by Session Laws of 1932, c. 61, sec. 6.

On April 25, 1932, claimant filed with the

Commission his verified petition to reopen, attaching thereto medical report of Dr. Shelton. Notices of hearing were given all parties, and, on June 8, 1932, a hearing was had before the Commission, at which time counsel for claimant dictated into the record an amendment to said petition to allege a change of condition.

Subsequent to the hearing, the Commission entered its award of June 20, 1932, finding, inter alia, that since the award to claimant on September 24, 1925, claimant's hand has grown worse, and that he now has a 50 per cent. permanent partial disability to the left hand. The Commission ordered that said case be reopened on a change of condition, and awarded claimant 100 weeks' compensation at the rate of $15.39 per week, less the 50 weeks' compensation heretofore paid, on account of said disability.

Petitioners contend: (1) That the claim involved is res adjudicata; and, (2) that the testimony fails to show any change in condition since the order of the Commission made on September 24, 1925.

Petitioners do not furnish the court with any citation of authority to support their first proposition, supra, that the claim involved is res adjudicata, and we do not find the same to be so. The power and jurisdiction of the Industrial Commission over each case is continuing under section 7296, C. O. S. 1921 (sec. 13362, O. S. 1931), providing for a review of its award on the ground of a change of condition, unless the Commission loses such power and continuing jurisdiction by permitting final settlement of the parties on a joint petition, as provided for in section 7325, C. O. S. 1921, as amended by sec. 13, Ch. 61, S. L. 1923 (13391, O. S. 1931). The record discloses no joint petition entered into by the parties litigant, and we hold that the Commission was empowered to reopen the case and review its award upon a showing of a change in claimant's condition for the worse since the original award due to the original injury.

In connection with petitioners' second and last proposition, that claimant failed to make such a showing, we observe at the outset that the injury to claimant, according to testimony to be found in the record, consisted of four mashed and lacerated fingers of the left hand. That as a result thereof, the second and third fingers were amputated, and claimant was paid compensation for the loss of those two fingers and none other.

Doctor Shelton testified that upon his ex-

amination of claimant April 20, 1932, he found complete loss of flexion of the little finger and in the index finger only the proximal joint flexible; the left wrist and forearm considerably smaller than the right, and continuing to grow even smaller; that claimant has from 75 per cent. to 80 per cent. loss of use of the left hand, which is the result of the injury which claimant gave him a history of receiving. Dr. Barry testified that he examined claimant on June 5, 1932, and found the little finger a total loss and the index finger partially lost; that from the history given and from the examination, he was of the opinion that the disability to claimant's hand was the result of the injury related to him by claimant; that claimant's left hand was disabled from 80 per cent. to 90 per cent. for manual labor, that the condition was permanent, and that his condition would likely grow worse.

Claimant testified that his fingers were not as stiff at the time he received payment under the order of the Commission as now. Claimant further testified that his wounds sustained at the time of the accident were not entirely healed at the time of the Commission's order awarding him compensation, and that, notwithstanding he had become more used to doing without the use of his hand, it is not as useful to him now as it was at the time of said order and award; that at the time he made the settlement his arm was not as small as it is now.

In view of the foregoing, we are of the opinion that there was competent evidence to support the findings and award of the State Industrial Commission. It follows that the award should be and is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent.