## DURANT COTTON OIL CO. et al. v. STATE INDUSTRIAL COM. et al.

No. 26072.   March 10, 1936.

Butler & Brown, for petitioners.

Mac. Q. Williamson, Atty. Gen., and Houston W. Reeves, Asst. Atty Gen., for respondent State Industrial Commission.

J. L. Wheeler, for respondent J. T. Hull.

PHELPS, J. This is an original action to review an award of the State Industrial Commission. On September 22, 1933, claimant sustained an injury while in the employ of the Durant Cotton Oil Company. On November 1, 1933, he was given an award of $1.33 for temporary total disability found to be due after the five days' waiting period.

On June 21, 1934, claimant filed his motion to reopen the case upon, as he stated in his motion to reopen a change of condition. The case was reopened and upon hearing he was found to have sustained a 6 per cent. permanent partial disability to his right forearm, for which he was given an award of $96 based upon eight weeks' compensation.

258

· The sole question presented by the petition for review is that claimant's claim was barred by the statute of limitations, as provided by section 4, chapter 29, Session Laws 1933. In other words, it is the contention of petitioner that if the Industrial Commission had found, upon the original hearing that claimant was entitled to eight weeks' compensation, that eight weeks would have expired long prior to the time when claimant filed his petition to reopen the case, and therefore the claim was barred.

While it is contended by claimant that, although his motion to reopen recited that there was a change in condition, the second award of the commission did not consider the case as a reopened case, but considered the claim as one for permanent partial disability, whereas the first award was for temporary total disability. Claimant further claims that when the commission considered his claim for temporary total disability and made an award for that injury, then he could thereafter maintain his claim for permanent partial disability regardless of the above statutory limitation. This view seems to have been upheld by this court in New State Ice Co. v. Sanford, 167 Okla. 435, 30 P. (2d) 708, in the first paragraph of the syllabus of which we said:

"Where a claimant received an award for temporary total disability, which was paid and the case closed, and thereafter a period of more than 300 weeks elapsed and the cause was reopened and an award made for permanent partial disability, held, that the latter award was not barred by the statute of limitations provided in section 4, ch. 29, S. L. 1933."

In support of this contention we refer to the authorities therein cited rather than to again cite and quote from them.

Upon these authorities the award is affirmed.

OSBORN, V. C. J., and BAYLESS, BUSBY, CORN, and GIBSON, JJ., concur. RILEY, J., dissents.