### AUGUST SKOOG v. JULIUS A. SCHMAHL.[1]

December 18, 1936.

No. 31,094.

[1]Reported in 270 N. W. 129.

*A. T. Grotte* and *F. M. Miner,* for relator.

*Harry H. Peterson,* Attorney General, and *Louis F. Soukup,* Special Counsel, for respondent.

HOLT, JUSTICE.

*Certiorari* to review a decision of the industrial commission denying relator compensation for a permanent total disability out of the special fund established by 1 Mason Minn. St. 1927, § 4276, as amended.

The findings of the industrial commission are, in substance, that on May 11, 1932, relator, while in the employ of L. S. Donaldson Company of Minneapolis, met with an accidental injury wherein he sustained a 15 per cent permanent partial disability of the left arm and a 40 per cent permanent partial disability of the right little finger, for which he has received all compensation payments required by law; that sometime in the year 1904 or 1905 relator fell and broke his right leg; that relator now has an old compressed fracture of the first and second lumbar vertebrae which he does not know when he sustained, but it is likely occurred in the fall that fractured his leg; that from the date of his recovery from the broken leg relator was engaged in steady employment without any industrial accidents until that of May 11, 1932; and the conclusion was that relator is not permanently totally disabled as a result of the accidental injuries sustained by him on May 11, 1932, combined with a previous disability, within the meaning of § 4276 of the code.

The assignments of error are not in proper form. There are nine specific findings of fact, none of which is attacked as not sustained by the evidence. The assignment of error is: "That the findings and conclusion of the industrial commission of Minnesota are contrary to the testimony herein." 1 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 361. The only finding of fact of importance here is the one that relator recovered from the injuries he received in 1904 or 1905, the compression fracture of the first and second vertebrae.

The other matter challenged by the assignments of error is that relator "is not permanently totally disabled as a result of the accidental injuries sustained by him on May 11, 1932, combined with a previous disability."

It seems to us that the finding of fact in regard to his recovery from the accidental injuries received more than 30 years ago is more than amply sustained by the facts of which there is no dispute, namely, that during all the time since his leg fracture healed he has worked steadily for the Minneapolis Steel & Machinery Company and the L. S. Donaldson Company with but two interruptions of less than a week each, until the accidental fall of May 11, 1932. That early injury created no disability that prevented him from earning a living. If it be conceded that the fall on May 11, 1932, disturbed or aggravated the condition of the mentioned back vertebrae, full compensation therefor was or should have been given against L. S. Donaldson Company. 6 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 10397. The statute (§ 4276), as far as here material reads:

"If an employe receive an injury, which of itself, would only cause permanent partial disability, but which combined with a previous disability does in fact cause permanent total disability, the employer shall only be liable for the permanent partial disability caused by the subsequent injury. Provided, however, that in addition to compensation for such permanent partial disability and after the cessation of the payments for the prescribed period of weeks, the employe shall be paid by the state the remainder of the compensation that would be due for permanent total disability, out of a special fund known as the Special Compensation Fund," created in a certain manner and placed in the custody of the state treasurer, the respondent herein.

The statute presents difficulties. It could not have been the intention of awarding compensation out of this special fund for every workman who has become permanently totally disabled after he has received compensation for permanent partial disability. There must exist a prior disability which, combined with the permanent partial

disability caused by the accidental injury, produces the permanent total disability. If in spite of some previous injury or bodily handicap the employe is not disabled from earning his full wages, when by an accidental injury he is permanently partially disabled and compensated therefor, he cannot claim from this special fund for permanent total disability thereafter ensuing. Take, for instance, relator, from 1905, when he recovered from the fall at Cokato wherein his leg was fractured and supposedly there was a compressed fracture of the two vertebrae mentioned, he worked steadily for 27 years without knowing or realizing any disability. There was therefore no disability prior to his fall on May 11, 1932, with which the permanent partial disability then sustained could combine to produce permanent total disability. The permanent total disability from which he now suffers must have come upon him since May 11, 1932, through natural causes—at any rate, there is no satisfactory evidence from which the commission could find that the permanent partial disability caused by his fall on May 11, 1932, combined with any disability then existing which could have produced permanent total disability. From the evidence the commission is not compelled to find that his fall on May 11, 1932, in any manner or form disturbed or affected the compressed fracture of the vertebrae. Without such disturbance there was no disability at all within the compensation act, and even if the fall of May 11, 1932, did in some manner injure the compressed vertebrae or aggravate their condition into a disability, the L. S. Donaldson Company was liable to compensate for the full disability caused.

The case at bar is not as plain and simple as was the only case we have had under § 4276, viz.: Lehman v. Schmahl, 179 Minn. 388, 390, 229 N. W. 553. There, after suggesting the purpose of the statute, it was said:

"But the legislature also recognized that where a partially disabled workman suffered an injury which of itself would cause only partial disability, but which added to the prior disability caused total disability, the consequences to him would be much more serious than would have resulted from the subsequent partial disability standing alone. He would lose entirely the power to earn which

he previously possessed and which he would still possess but for the subsequent injury."

That case involved the loss of an eye by a man who had previously lost the vision in the other eye. It matters not from what cause the prior disability arose, so long as it existed as a disability at the time the subsequent accidental injury to the employe happened, resulting in a permanent partial disability which, combining with the preëxisting disability, produced a permanent total disability. The finding of the commission is in substance that relator at the time he received his accidental injury on May 11, 1932, had no preëxisting disability within the meaning of the compensation law with which the permanent partial disability could combine to form the total permanent disability which now appears to afflict relator. And it is not strange that a workman approaching 70 years of age should become afflicted with disease like arthritis that totally disables him, apart from any accidental injury he might have received. There is evidence that since his fall relator has developed a disease disabling the hands, particularly the left hand, called Dupuytren's contracture, which medical experts testified is not traceable to the fracture of the left clavicle, in the fall of May 11, 1932. We conclude that the commission rightly decided that relator had no disability within the meaning of the compensation law, with which the permanent partial disability received on the last mentioned date could combine to produce the permanent total disability now present, but that the latter condition is due to causes or diseases which have since developed.

The decision is affirmed.