## FOURNIER STUCCO & PLASTERING CO. et al. v. GREER et al.

No. 28897.    Oct. 3, 1939.

S. S. Wachter and George E. Lipe, both of Oklahoma City, for petitioners.

J. B. Houston and Mac Q. Williamson, Atty. Gen., both of Oklahoma City, for respondents.

PER CURIAM. In this proceeding Fournier Stucco & Plastering Company, hereafter referred to as petitioner, and its insurance carrier seek a review of an award made by the State Industrial Commission in favor of Joe Greer, hereafter referred to as respondent. The facts are not in dispute. On September 20, 1937, respondent sustained a compensable injury to his back. Petitioner furnished medical care and attention and voluntarily paid compensation on account of temporary total disability which respondent had sustained until December 19, 1937, and tendered further payment of such compensation until December 30, 1937. This latter tender by petitioner was refused by respondent, and thereupon petitioner sought authorization from the State Industrial Commission to discontinue payment of any further compensation. The commission heard the parties upon this issue and found from the evidence adduced at the hearings had in connection therewith that respondent's temporary total disability had terminated on January 29, 1938, and directed the petitioner to make payment of compensation to said date. The petitioner complied with this order as shown by a form 8 receipt which was filed with the commission on March 7, 1938. Thereafter on March 19, 1938, the respondent filed with the Industrial Commission a request for a determination of the extent of permanent disability which he had sustained as a result of his injury. The Industrial Commission proceeded to conduct hearings on the aforesaid application, and at the conclusion thereof, on September 6, 1938, entered the award which we are now called upon to review. As a basis for this award the commission found in substance that respondent had sustained a permanent partial disability as a result of his acci-

dental injury, and that thereby his wage-earning capacity had been decreased to the extent of $12 per week, thereby entitling him to compensate at the rate of $8 per week for a period not to exceed 300 weeks. The award directed payment in accordance with the findings so made.

The petitioner assigns eight specifications of error and illegality in said award and presents the errors thus complained of under two general propositions. The contentions so advanced are, in substance, that the commission had before it no competent evidence on which to base either its finding of permanent partial disability or its finding of loss in wage-earning capacity of the respondent. The respondent concedes that his injury was such as to require a determination of its nature and extent by skilled and professional persons and that it was incumbent upon him to prove by the testimony of such persons that his disability had resulted from his injury, and urges that the evidence adduced by him was sufficient to meet these requirements. We are unable to place the interpretations upon this testimony which the respondent seeks to place thereon. We find that the three witnesses competent to testify as to the nature and extent of respondent's injury and who appeared and testified in his behalf at the hearings held by the commission all testified in substance that the disability which respondent had was due to osteo-arthritis, and that this in turn was caused by some infection and had not been caused by any injury; and that while in the opinion of said witnesses the injury of September 20, 1937, could have lighted up or aggravated a pre-existing arthritic condition had the same existed, they failed to testify that respondent had any such pre-existing condition or that the disability which existed was of a permanent nature, but rather that it was one which might get better or worse.

This evidence, while sufficient to establish the fact that respondent had some disability as the result of arthritis, was wholly insufficient to establish any causal connection between the injury which the respondent had admittedly received and the disability which was found to exist, and wholly failed to show that respondent had any present permanent disability.

We are unable to perceive how the State Industrial Commission could find a permanent partial disability as a result of the injury, since it had no evidence whatsoever of such condition either as a result of injury or disease. The finding was material

to the rendition of an award, and the rule to be applied in such circumstances has heretofore been announced in Tulsa Rig & Reel Mfg. Co. v. Case, 176 Okla. 262, 55 P.2d 777, wherein it was said:

"Where there is an entire absence of any competent evidence upon which to base a material finding of the State Industrial Commission necessary to support an award of compensation, this court will declare as a matter of law that an award based upon such unsupported material finding is unauthorized and will vacate the same."

Since the award cannot be sustained for the reason above pointed out, it is unnecessary to discuss the other contention advanced by the petitioner.

Award vacated.

BAYLESS, C. J., and CORN, GIBSON, HURST, and DAVISON, JJ., concur.