FOURNIER STUCCO & PLASTERING CO. et al. v. GREER et al.

No. 29663.　June 18, 1940.

Rehearing Denied July 16, 1940.

*104 P. 2d 423.*

S. S. Wachter, of Tulsa, for petitioners.

J. B. Houston and Parke Davis, both of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.　This is the second proceeding to review an award in favor of the respondent in this case. The respondent sustained an accidental injury on September 20, 1937. An award for permanent disability was vacated by this court in Fournier Stucco & Plastering Company et al. v. Greer et al., 185 Okla. 476, 95 P. 2d 536. It will not be necessary to restate the facts involved. The cause was reversed and remanded for failure of the record to contain any competent evidence reasonably tending to support the finding of the State Industrial Commission that the disability was a result of the accidental injury of September 20, 1937. The prior award established the fact that there was an injury arising out of and in the course of the employment on September 20, 1937, for which the respondent was paid temporary total disability. The present award is for permanent partial disability under the "other cases" provision of section 13356, O. S. 1931, 85 Okla. St. Ann. § 22. When the former award was vacated the court said:

"This evidence, while sufficient to establish the fact that respondent had some disability as the result of arthritis, was wholly insufficient to establish any causal connection between the injury which the respondent had admittedly received and the disability which was found to exist and wholly failed to show that respondent had any present permanent disability."

When the mandate was received, due notice being given, the State Industrial Commission conducted further hearings to determine the extent of the disability and to establish the cause of the disability. Thereafter the present award was made.

It is first urged that the State Industrial Commission was without jurisdiction to conduct further hearings and enter an award for permanent disability. Petitioner cites Harrington v. Miller, 164 Okla. 122, 22 P. 2d 1000. That case held

that where an award had been entered on stipulation and agreement for permanent partial disability under the "other cases" provision of section 13356, supra, such award was for 300 weeks and the State Industrial Commission was without jurisdiction to enter an award for further permanent partial disability under the "other cases" provision unless there was a change of condition within the 300 weeks. We fail to see the applicability to the case at bar. We have held that the expiration of more than 300 weeks after payment of award for temporary total disability and the closing of the case do not bar the right to an award for permanent partial disability. New State Ice Co. v. Sanford, 167 Okla. 435, 30 P. 2d 708; Commonwealth Mining Co. v. Atterberry, 163 Okla. 294, 22 P. 2d 78. An injured employee seeking an award for permanent partial disability after an award for temporary total or temporary partial disability does not have to show a change in condition to be entitled to the award for permanent disability. The sole question is whether there is a permanent disability and whether it is a result of the prior accidental injury. Dailey, Crawford & Pevetoe v. Rand, 155 Okla. 229, 8 P. 2d 738; Geis Price Grain Co. v. Bailey, 155 Okla. 302, 9 P. 2d 424; Interstate Window Glass Co. v. Candler, 166 Okla. 59, 26 P. 2d 198; Croxton & Bucklin v. Buchanan, 170 Okla. 170, 39 P. 2d 91; Okla. Pipe Line Co. v. Harvey, 170 Okla. 323, 40 P. 2d 24.

Under the above citations, there is no limitation upon the time in which the State Industrial Commission is authorized to enter an award for permanent disability after an award for temporary total disability has been made when the evidence at a subsequent proceeding authorizes it to enter such award. Pure Oil Co. v. State Industrial Commission, 181 Okla. 176, 72 P. 2d 779; Durant Cotton Oil Co. v. State Industrial Commission, 176 Okla. 257, 55 P. 2d 750; Nobel Drilling Co. v. Link, 161 Okla. 238, 17 P. 2d 971; Commonwealth Mining Co. v. Atterberry, supra; New State Ice Company v. Sanford, supra. We therefore hold that where an award for permanent disability has been entered by the State Industrial Commission and thereafter vacated by the Supreme Court because of the insufficiency of the evidence to sustain a finding that the disability is a result of an established accidental injury, the State Industrial Commission is authorized upon due notice to proceed as if no award had been made, and if it is thereafter established by competent evidence reasonably tending to support the award that there is a disability as a result of said accidental injury, the State Industrial Commission has jurisdiction to enter an award for such disability; and in this connection it may consider any evidence it wishes which has been taken prior to or subsequent to the vacation of the prior award.

Finally it is urged that there is no competent evidence reasonably tending to support the finding of permanent partial disability. We think that petitioners have overlooked the testimony of their own expert witness, Dr. Glass, who stated that on October 9, 1937, within 20 days after the accidental injury of September 20, 1937, he examined X-rays of the respondent taken by Dr. Lynch, and that these X-rays disclosed marked osteoarthritis. Although it was the purpose of the witness to establish by this testimony that the respondent had osteoarthritis before September 20, 1937, and therefore the disability was a result of disease, the witness quite frankly admitted that an accidental injury such as described by the respondent would in all probability aggravate a prior arthritic condition. When the testimony of Dr. Glass, together with that of the expert witnesses presented by the respondent, is taken into account, we are of the opinion that the record contains evidence reasonably tending to support the finding of the commission that respondent has a permanent disability, and that the disability is a result of the aggravation of a prior arthritic condition, and that such

condition was caused by the accidental injury of September 20, 1937.

Award sustained.

BAYLESS, C. J., and OSBORN, HURST, DAVISON, and DANNER, JJ., concur.