BERTHA KUNDIGER v. WALDORF PAPER PRODUCTS
COMPANY AND ANOTHER.[1]

July 14, 1944.

No. 33,804.

*Alric Anderson,* for relator.
*Durham & Swanson,* for respondents.

JULIUS J. OLSON, JUSTICE.

*Certiorari* brings for review an order and decision of the industrial commission denying relator's petition for compensation. She is the surviving wife of the deceased workman, Reinhold B. Kundiger, who was an employe of respondent employer. On January 26, 1943, while so employed, Mr. Kundiger "sustained an accidental

[1]Reported in 15 N. W. (2d) 486.

injury to his person which arose out of and in the course of his employment." He died February 2, 1943.

The cause was referred to a referee, who found, in addition to the facts recited, "That said injury aggravated a condition of leukemia which resulted in the employe's death." On appeal by the employer and its insurer, the commission concluded that a neutral physician should be employed. The parties agreed upon Dr. Arthur H. Pedersen, of St. Paul, and the commission ordered that he be furnished a transcript of the testimony taken before the referee, together with all exhibits offered and received, in order that he might—

"inform the Industrial Commission as to his opinion concerning the relationship (1) on the basis or assumption that an accidental injury, as described in the record, occurred, as to whether or not such accident aggravated or precipitated the pre-existing diseased condition with which this employe was afflicted, resulting in his death, as described in the record; (2) Whether or not accidental injury, as assumed and described, caused or produced the death of this employe wholly unrelated to his previous diseased condition; (3) Whether or not the assumption of accidental injury, as described, bore any relationship in the train of events as a causative factor or otherwise in the production of this employe's death, and (4) Whether or not the death of said employe was due wholly to the diseased condition with which he was afflicted prior to the date of said accidental injury."

Dr. Pedersen duly assumed the duties so imposed upon him and made and submitted an exhaustive and comprehensive report of his findings and conclusions. We deem the conclusions well worthy of quotation:

"It, therefore, is my opinion, after a careful review of all of the facts, that (1) on the assumption that an accidental injury, as described in the record, either as a result of the direct trauma therein described or of the indirect trauma produced by effort of lifting and pushing the bale from his shoulder, that neither of these conditions either aggravated or precipitated the preexisting diseased

condition with which the employe was afflicted and resulting in his death as described; (2) With the same assumption as to the accidental injury it is my opinion that the death of this employe was wholly unrelated to such accidental injury as sole and direct cause; (3) With the same assumption as to the accidental injury, it is my opinion that there is no relationship between accidental injury as a causative factor or otherwise in the production of this man's death, and (4) it is my opinion that death of the employe in this case was due wholly to the diseased condition of lymphatic leukemia uninfluenced in any way by the accident occurrences described in the record."

Upon the filing of the doctor's report, relator's counsel requested that he be given an opportunity to cross-examine the doctor on the subject matter of the report. That request was granted. Counsel for both parties availed themselves freely of the right so granted.

Thereupon, the commission, in a well-reasoned opinion written by Commissioner Williams, concluded that the referee's finding No. 3, "That said injury aggravated a condition of leukemia which resulted in the employe's death on February 2, 1943," should be set aside and in lieu thereof that their own finding, bearing the same number, should be adopted, *viz.:* "That said accident did not in any manner aggravate a pre-existing condition of lymphatic leukemia, from which disease the employe died on February 2, 1943." The concluding paragraph of the opinion reads:

"After reviewing the transcript of evidence, death certificate, post mortem reports, University and Bethesda Hospital records, neutral physician's report and transcribed record of his cross-examination, we are compelled to conclude that the preponderance of the evidence establishes that the alleged accidental injury of January 26, 1943, neither caused his death nor aggravated the pre-existing disease known as lymphatic leukemia so as to accelerate the death of Reinhold B. Kundiger on February 2, 1943."

This court is not the trier of facts. That duty, by statute, has been given to the industrial commission. The record, we believe,

can leave no one in doubt that the duty has been discharged with thorough and painstaking care. Relator's difficulty is that she has failed to establish her cause before that body. In that respect she is in no other or better position than countless other defeated litigants who have similarly failed in such effort.

The rule, so often repeated as to be almost trite, is that the findings of the commission will not be disturbed on review unless the evidence clearly requires a contrary conclusion. And where the evidence is conflicting, it is the duty of the triers thereof to determine the facts. On review by this court, we are required to view the evidence in the light most favorable to the party whose claims the triers of fact believe. Utgard v. Helmerson, 202 Minn. 637, 279 N. W. 748.

Tested by these rules, we hold that the record sustains the conclusion reached by the commission.

Writ discharged and decision of commission affirmed.