## S. C. GINSBURG v. CHARLES BYERS AND ANOTHER. JULIUS A. SCHMAHL, CUSTODIAN SPECIAL COMPENSATION FUND, RESPONDENT.[1]

January 26, 1945.

No. 33,910.

[1]Reported in 17 N. W. (2d) 354.

*Firestone & Shapiro,* for relator.

*Durham & Swanson,* for respondents Charles Byers and Royal Indemnity Company.

*J. A. A. Burnquist,* Attorney General, and *Victor H. Gran,* Assistant Attorney General, for respondent Julius A. Schmahl.

MAGNEY, JUSTICE.

*Certiorari* to review a decision of the industrial commission disallowing further compensation.

On September 27, 1924, S. C. Ginsburg was employed by Charles Byers as a truck driver. On that day, near Luverne, he was seriously injured in a collision between his truck and another. He was paid in compensation the sum of $3,500 on the basis of permanent partial disability. Hospital and medical expenses amounting to $972.01 were also paid. On August 18, 1927, employe signed a final receipt. On June 23, 1941, he filed a claim petition for additional compensation from his employer, and on December 21, 1942, an amended petition bringing in as an additional party Julius A. Schmahl as custodian of the special compensation fund of the state. On April 3, 1944, the industrial commission affirmed the findings of a referee who had denied the petition, except as to a small amount of no consequence here.

In 1926, while still unable to return to work because of his injuries, relator commenced to show symptoms of Parkinson's syndrome, also known as Parkinson's disease. These symptoms were tremors in one leg and one hand and drooling at the mouth. Also, he exhibited the masklike expression of the face symptomatic of the disease. Parkinson's syndrome is progressive and incurable. Relator has ever since the onset of this disease been totally incapacitated.

The main question involved here is whether relator is entitled to compensation as for total disability from the employer and insurance carrier, and, if the latter are held liable only for permanent partial disability, whether the custodian of the special compensation fund is liable for the difference between permanent partial and permanent total disability.

■ Under the evidence, the industrial commission could readily find, as it did, that the employer and his insurance carrier are liable only for permanent partial disability. All the medical testimony is to the effect that the disease from which relator is suffering was in no way caused by the accident. Dr. M. A. Howard, called by relator, testified that it was "possible" that the accident may have precipitated the Parkinson's disease, but that it did not cause it. Dr. E. M. Hammes, called by relator, and Dr. J. M. Sprafka, called by respondents, testified that there was no relationship between the accident and the disease and that the accident did not in any way influence or aggravate his condition. All the physicians agreed that the disease and not the accident totally disabled relator. The findings of the referee, approved by the commission, were that relator was permanently and totally disabled as a result of a condition of disease, which was not caused, accelerated, or in any manner aggravated by the accident. On the evidence here, the findings of the commission will not be disturbed on review. They do not require a contrary conclusion. See, Kundiger v. Waldorf Paper Products Co. 218 Minn. 168, 15 N. W. (2d) 486.

■ It is conceded that relator is permanently totally disabled. We have determined that his employer and the insurance carrier are liable only for permanent partial disability. It remains to be determined whether or not the custodian of the special compensation fund is liable for the difference between permanent partial and permanent total disability. Minn. St. 1941, § 176.13 (Mason St. 1941 Supp. § 4276), provides:

"If an employee receives an injury which of itself would cause

only permanent partial disability, but *which, combined with a previous disability, does in fact cause permanent total disability,* the employer shall only be liable for the permanent partial disability caused by the subsequent injury.

"In addition to compensation for such permanent partial disability and after the cessation of the payments for the prescribed period of weeks, the employee shall be paid by the state the remainder of the compensation that would be due for permanent total disability, as provided for by section 176.11 [§ 4274], clause (d), out of a special fund known as the special compensation fund." (Italics supplied.)

Relator's accident caused only permanent partial disability. The question then is: Did this injury received in the accident *combine* with a previous disability and in fact cause permanent total disability? The statute grants the additional compensation where an injury causing partial disability, "combined with a previous disability," causes permanent total disability. In 1918 or 1919, relator had a serious attack of influenza and was confined to his bed for two or three weeks. The medical experts agree that the Parkinson's disease from which relator is suffering can be traced to this illness. The most common cause of this disease is encephalitis, and it is the opinion of the experts that relator's influenza attack was in the nature of encephalitis or preceded it and that his present disease is definitely related to this attack.

Relator became permanently totally disabled, not because of the injuries resulting from the accident "combined with a previous disability," but because of the disease itself. There was no relationship between the accident and Parkinson's disease, and the total disability flowed entirely from the disease. He would have become totally disabled from the disease even if he had suffered no injury in the accident. Parkinson's disease alone prevents him from doing even light work. In such a situation, the statute does not permit a recovery against the custodian of the special compensation fund. There is not here the combination between an injury causing permanent partial disability and a previous disability which

necessarily must exist in order for payments to be allowed out of this fund. A combination of the two must cause the permanent total disability.

In Skoog v. Schmahl, 198 Minn. 504, 506, 270 N. W. 129, 130, the court said:

"The statute presents difficulties. It could not have been the intention of awarding compensation out of this special fund for every workman who has become permanently totally disabled after he has received compensation for permanent partial disability. There must exist a prior disability which, combined with the permanent partial disability caused by the accidental injury, produces the permanent total disability."

■ Relator also assigns as error the refusal of the industrial commission to grant a new hearing. This court has repeatedly stated that it is discretionary with the commission whether to grant a rehearing or not. In Gustafson v. Ziesmer & Vorlander, Inc. 213 Minn. 253, 256, 6 N. W. (2d) 452, 454, it said:

"* * * We have often held that granting a rehearing or a new hearing rests in the discretion of the commission, and its action is final unless an abuse of discretion clearly appears."

The proposed testimony of Dr. Gordon R. Kamman was chiefly cumulative, and, as to the other witnesses, there was no showing as to what they would testify to, nor is any reason given for the failure to procure their affidavits or why they were not called originally. We find no abuse of discretion on the part of the commission in refusing to grant a rehearing.

Writ discharged.