JAMES M. ENKEL v. NORTHWEST AIRLINES, INC.
AND ANOTHER.[1]

April 26, 1946.

No. 34,171.

*Douglas Hall, Kenneth J. Enkel,* and *Samuel I. Sigal,* for relator.
*Charles H. Weyl,* for respondents.

MAGNEY, JUSTICE.

*Certiorari* to review a decision of the industrial commission disallowing further compensation.

On January 28, 1944, relator was employed by respondent Northwest Airlines, Inc. in its storeroom. On that day he fell to the floor from some boxes on which he had been standing, landed on his back, and was injured. As a result, he was temporarily totally disabled. Compensation was paid him on that basis until September 18, 1944. Relator filed a claim petition for additional compensation on December 7, 1944. The referee awarded compensation to and including February 14, 1945, the date of hearing, "payments to continue thereafter as such disability shall warrant, subject to the provisions and limitations of the Minnesota Workmen's Com-

[1]Reported in 22 N. W. (2d) 635.

pensation Act." The employer and its insurer appealed to the industrial commission, which modified the award of the referee and cut off the compensation and benefits as of February 15, 1945. On petition of employe a writ of *certiorari* was issued.

At the time of the accident, relator was 58 years of age. He was then suffering from a quite well-advanced condition of arthritis of the back which was active and progressive, a disease which might be termed progressive arthritis. It was latent but not dormant. Relator testified that at the time of the accident he was unaware of its existence. The two physicians who testified and who had examined radiographs agreed that it must have existed for months or years, whether he knew it or not. It usually comes on without warning. As the arthritic condition progresses, the spine eventually fuses and becomes completely stiff. When that happens, the pain disappears.

The commission concluded that the disability resulting from the accident had ended at the time of the hearing and that relator's disability at that time was due solely to his arthritic condition. Basing its decision on that conclusion, it amended the referee's findings and determination so as to terminate the compensation payments at that time.

Relator's fall caused an injury to the muscles and ligaments of the dorsal lumbar region of the spine. There is also some testimony to the effect that two ribs were fractured. Because of the underlying arthritic condition, the effects of the injury were more severe than they would have been had the spine been normal. The presence of arthritis made it a more sensitive spine.

The diseased condition of relator's back in this case probably doubled the period of disability which normally could be charged entirely to the injuries received in the fall. The evidence discloses that during the period of healing the arthritic condition continued to develop so that at the time of the hearing relator's disability was due solely to the disease. The physicians disagree as to the extent of the disability, relator's physician testifying that it was total, and respondents' physician stating that it was about fifty percent.

The commission allowed compensation on the basis of a temporary total disability which had existed from the date of the accident.

We now come to the phase of this case which in our opinion compels us to remand it. Up to the time of the accident relator worked steadily. He was unaware of his back condition. Since then and up to the time of the hearing he has been incapacitated.

Dr. Wallace H. Cole, respondents' medical expert, testified that relator's disease has been aggravated and accelerated by the injury. Of course, by reason of the variable character of arthritis, he could not be definite as to the degree of acceleration. He did say that "an aggravation, if it made it more active, would make it stiffen quicker, which would complete the end result quicker than without it." He was of the opinion that the condition he was in would have come in two or three years, but could not say definitely. Dr. William H. Von Der Weyer, relator's medical expert, was of the opinion that the present condition would have come at some indeterminate time in the future but for the accident. Both physicians agree that the injury accelerated the progress of the disease so as to cause incapacity therefrom at a much earlier date than in the normal course of events and by at least two or three years, as disclosed by the evidence. In view of this fact, we believe the industrial commission erred in terminating the compensation payments when it did.

In Swanson v. American Hoist & Derrick Co. 214 Minn 323, 325, 8 N. W. (2d) 24, 25, this court stated: "It is well settled that an accident which causes an 'actual aggravation of an existing infirmity' is compensable," citing Walker v. Minnesota Steel Co. 167 Minn. 475, 477, 209 N. W. 635, 636, and Westereng v. City of Morris, 205 Minn. 219, 222, 285 N. W. 717, 719. In the latter case we said:

"* * * If the employe's infirmity was in fact 'accelerated by the injuries' to his head, his widow 'should recover. Compensation would follow, not on the theory that the injuries caused the malady or disease—that was already present—but because of the effect of such injuries upon the disease.' "

See, also, Pearson v. Ford Motor Co. 186 Minn. 155, 158, 242 N. W. 721, 722.

The following cases from outside jurisdictions involve aggravation or acceleration of arthritic conditions: Texas Ind. Ins. Co. v. Godsey (Tex. Civ. App.) 143 S. W. (2d) 639; Fournier Stucco & Plastering Co. v. Greer, 187 Okl. 589, 104 P. (2d) 423; Utah-Idaho Central R. Co. v. Industrial Comm. 71 Utah 490, 267 P. 785; Warlop v. Western Coal & Min. Co. (8 Cir.) 24 F. (2d) 926; Patrick v. Grayson & Yeary, 13 La. App. 228, 127 So. 116; Hammons v. Southern Carbon Co. 5 La. App. 187; Hall v. State Compensation Commr. 110 W. Va. 551, 159 S. E. 516; Hanson v. Independent School District, 50 Idaho 81, 294 P. 513; Shell Petroleum Corp. v. Moore, 147 Okl. 243, 296 P. 390; Sunnyside Min. Co. v. Industrial Comm. 320 Ill. 488, 151 N. E. 238; Marland v. State Industrial Comm. 153 Okl. 49, 4 P. (2d) 1018.

In the case at bar, it was clearly shown that the arthritic condition was aggravated and accelerated and that relator's incapacity at the time of the hearing was due to the acceleration and legally attributable to the accidental injury.

The case is therefore reversed and remanded for appropriate findings in conformity with the findings and conclusion of the referee, with an allowance of $250 attorney's fees in this court.

Reversed and remanded.

MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.