ALMA SIMPSON v. SIDNEY D. GOLD AND ANOTHER, d. b. a. FAIRMAID HAT MANUFACTURING COMPANY, AND ANOTHER.[1]

No. 34,130.

April 26, 1946.

[1]Reported in 22 N. W. (2d) 923.

*George H. Gerlich* and *Fred W. Foot,* for relator.
*Reynolds & McLeod* and *S. J. Donahoe,* for respondents.

LORING, CHIEF JUSTICE.

This case is here on *certiorari* to the industrial commission.

On June 29, 1943, relator, Alma Simpson, started work as a power-machine operator for the Fairmaid Hat Manufacturing Company. She worked on khaki and blue-and-white-striped material until May 24, 1944, when she was given blue denim cloth to work on. She continued to work on it until noon of the next day, when she became ill and left her work. She went to a doctor, who found an itching, burning, and swelling on the skin of her face and neck. Her case was diagnosed as acute dermatitis. A "patch test" was given by placing a piece of the denim material on relator's shoulder, and that area soon erupted as the other areas had. After a few months' treatment by a dermatologist, the dermatitis was somewhat relieved, although at the time of the hearing she had not been discharged by the doctor. There was conflicting testimony as

to the condition of relator's skin before she began work on the denim material.

Relator commenced a proceeding before the industrial commission, which was heard by a referee, who made findings that relator had sustained an accidental injury which arose out of and in the course of her employment and awarded compensation and hospital and medical expenses. Subsequently, additional medical testimony was taken before the referee.

The employer and its insurer appealed to the commission, which took no more evidence but, after examining a transcript of the evidence and proceedings, made new findings and conclusions, reversing the referee.

Relator assigns as error that the commission erred:

(1) In making new findings solely on the basis of the record.

(2) In not finding that relator was injured by an accident arising out of and in the course of her employment.

(3) In not accepting uncontradicted and unimpeached medical expert testimony as to the source of relator's injury.

(4) In failing to make findings on the question of aggravation.

■ Relator's theory is that, when there is an appeal from a decision of a referee to the industrial commission, if the commission does not take additional evidence, it acts as an appellate tribunal and must affirm the decision of the referee if it is supported by the evidence, under the same rule as that applicable on appeals from the district court. She cites Barlau v. Minneapolis-Moline P. I. Co. 214 Minn. 564, 9 N. W. (2d) 6. That case does not support her contention. It holds that where the vote of the commission is equally divided the decision of the referee shall be affirmed. The case of Olson v. Carlton, 178 Minn. 34, 225 N. W. 921, cited in the Barlau case, is applicable here. The same contention was made in that case that relator makes here. It was rejected. This court held that the commission is the trier of fact, and, *on appeal* from the decision of a referee, it is free to make such new findings as the evidence, in the commission's judgment, may require. The only

question here is whether there is reasonable support for the findings of the commission. Kundiger v. Waldorf Paper Products Co. 218 Minn. 168, 15 N. W. (2d) 486.

■ The medical testimony established that relator was suffering from acute dermatitis when the medical experts examined her. There was some evidence to sustain a finding that she had had eczema some weeks before. However, there is no evidence establishing a causal connection between this alleged eczema and the type of dermatitis from which she suffered at the time she was disabled. Without such evidence, the decision of the commission that the dermatitis did not arise out of and in the course of employment is unsupported, and the case must be remanded to the commission for the taking of such further evidence as may be offered and, upon consideration of it, in connection with that already in the record, to make such further findings and conclusions as the evidence may justify. Hertz v. Watab Paper Co. 180 Minn. 177, 230 N. W. 481. In this regard, the question of aggravation should be considered. See, Enkel v. Northwest Airlines, Inc. 221 Minn. 532, 22 N. W. (2d) 635.

Remanded with directions to proceed in accordance with the views herein expressed. Relator is allowed $250 attorneys' fees in addition to statutory costs.

### On Application for Reargument.

On May 24, 1946, the following opinion was filed:

Per Curiam.

This case was remanded for rehearing on the merits. The employe is free to amend her claim petition. Both parties are free to introduce additional evidence or take such steps as they are advised. Frederickson v. Burns Lbr. Co. 166 Minn. 212, 207 N. W. 499.

Petition denied.

Mr. Justice Christianson took no part in the consideration or decision of this case.