The CITY OF OKLAHOMA CITY, a municipal corporation, Own Risk, Petitioner,

v.

The Honorable Chris STURM, Presiding Judge of the State Workers' Compensation Court, State of Oklahoma, Respondent.

No. 53069.

Supreme Court of Oklahoma.

June 19, 1979.

See also, 531 P.2d 1023.

Walter M. Powell, Municipal Counselor, Diane L. Davis, Asst. Municipal Counselor, Oklahoma City, for petitioner.

John D. Loughlin, Oklahoma City, for respondent.

IRWIN, Vice Chief Justice.

This is the second time this Court has considered Garland Fain's workmen's compensation claim against the City of Oklahoma City (Petitioner). In the first case, *Oklahoma City v. Fain,* Okl., 531 P.2d 1023 (1975), we held there was insufficient competent evidence to support the Industrial Court's finding that Fain had sustained an accidental injury in the course of his employment and vacated the award for total permanent disability.[1] After the mandate

---

1. In the last paragraph of that opinion we said:

   "One who seeks compensation for disability from a cardiac episode must establish by competent evidence that it was caused by an accidental injury in the course of his employment. *Berryhill v. Prudential Premium Company of Okl.,* Okl., 394 P.2d 520. A myocardial infarction is of such a character as to require the testimony of medical experts to establish its cause or origin. In this connec-

   tion, see *Glaspey v. Dickerson,* Okl., 350 P.2d 939. In this case, Dr. P.'s report does not establish that claimant's myocardial infarction was caused by any accidental injury which occurred January 2, 1973, as distinguished from being caused by "his work as a fireman" generally or from a pre-existing arteriosclerotic condition which respondent claimed, and Dr. R.'s report indicated, was its cause. We can therefore only hold that the

was issued and upon motion of Fain, respondent set the matter for hearing on permanent disability. Petitioner objected to the proceedings on the theory that this Court's decision in 531 P.2d 1023 was a final adjudication of Fain's claim and precluded further proceedings in the cause.

Respondent determined that this Court intended that the cause be remanded for further proceedings and that Fain would have another chance to prove that his cardiac-related disability resulted from an "accidental" injury in the course of his employment. Respondent overruled petitioner's objections and set the matter for hearing. In this original proceeding, petitioner seeks a writ prohibiting respondent from further proceeding.

Respondent, in the order overruling petitioner's objections, found:

"That the Supreme Court, citing the case of *Glaspey v. Dickerson*, 350 P.2d 939 (Okl.1960) found that the award of this court 'must be vacated'. It is significant that in *Glaspey v. Dickerson*, the Supreme Court specifically provided that the 'Order and award (be) vacated and case remanded, without prejudice to further proceedings herein'. In this latter case, the Court goes on to cite *Fournier Stucco and Plastering Co. v. Greer* [187 Okl. 589], 104 P.2d 423 (Okl.1940). Therefore, it is the finding of this court that the Supreme Court, relying on both *Glaspey* and *Fournier*, was not denying the claim but merely vacating the award because of the insufficiency of the evidence to sustain the finding that the disability was a result of an accidental injury. In such a situation, the Workers' Compensation Court is authorized upon due notice to proceed as if no award had been made."

In *Glaspey v. Dickerson*, Okl., 350 P.2d 939 (1960), relied upon by respondent, the award was vacated because the medical evidence was insufficient to sustain the award

Industrial Court's finding as to claimant's having sustained an accidental injury in the course of his employment on January 2, 1973, is without the necessary competent evi-

when inadmissible evidence was excluded. We said: "Order and award vacated and case remanded, without prejudice to further proceedings in accordance with the views expressed herein * * *. *Fournier Stucco & Plastering Co. v. Greer*, 187 Okl. 589, 104 P.2d 423."

In *Oklahoma City v. Fain*, supra, we made no reference to *Glaspey* in reference to a remand for further proceedings but only in reference to the sufficiency of the evidence to sustain an award, and we said "in the absence of such evidence on which to base an award, the award will be vacated".

*Fournier Stucco & Plastering Co. v. Greer*, 187 Okl. 589, 104 P.2d 423 (1940), also relied upon by respondent, must be considered in connection with *Fournier Stucco & Plastering Co. v. Greer*, 185 Okl. 476, 94 P.2d 536 (1939). The 1939 *Fournier* case discloses that claimant Greer had been furnished medical treatment and paid compensation for temporary total disability due to an accidental injury sustained in 1937. Greer's claim came on for hearing for a determination of the extent of his permanent disability resulting from the 1937 injury, and Greer was awarded compensation for permanent disability. On review in 94 P.2d 536, the award for permanent disability was vacated because the evidence was insufficient to establish any causal connection between claimant's 1937 injury and the permanent disability for which the award was made. In 104 P.2d 423, the 1940 case, the Court was called upon to review a subsequent award for permanent disability based upon the 1937 injury.

In the case at bar Fain simply failed to establish that his disability resulted from an accidental injury sustained in the course of his employment. There is no language in the first *Fain* case (531 P.2d 1023) suggesting that Fain would be permitted to re-litigate his claim or that such decision was not final adjudication. There are no grounds

dence to support it. Accordingly, the award must be vacated. *Glaspey v. Dickerson*, [3rd syll.], supra.

for re-litigating the claim, and when this court vacated the award without a remand, this constituted a final adjudication of the claim. This case is clearly distinguishable from *Carpenter v. Douglas Aircraft Co.*, Okl., 420 P.2d 911 (1966) in which we specifically remanded for further proceedings. In *Carpenter* we held that the State Industrial Court En Banc abused its discretion in failing to grant claimant's timely motion to remand the case to the trial judge for the purpose of eliciting evidence whereby claimant might cure an oversight of failing to prove that the industrial accident caused his injury, particularly where the employer made no denial of liability, but sought to prevail strictly on the basis of the oversight by the claimant. See also *Rodriquez v. Utilities Engineering & Construction*, Okl., 281 P.2d 946 (1955).

Since respondent is attempting to make unauthorized use of judicial authority, the requested writ should issue. *Firestone Tire & Rubber Company v. Barnett*, Okl., 475 P.2d 167 (1970). Application to Assume Original Jurisdiction is granted, and Writ of Prohibition is issued prohibiting the respondent from further proceeding against petitioner in this action.

LET THE WRIT ISSUE.

LAVENDER, C. J., and HODGES, BARNES, SIMMS, HARGRAVE, and OPALA, JJ., concur.

WILLIAMS and DOOLIN, JJ., dissent.

WILLIAMS, Justice, dissenting:

Regretfully a second dissent in this case by this writer hereby is registered. Regretfully, not that the view is held but that the result of the current opinion of the majority evokes it, just as night follows the day.

Having prevailed in the first trial below and with his order having been vacated on the prior review, claimant it would appear properly was permitted to have another run at offering the sort of proof required to hopefully substantiate his claim. This appears to be but even-handed dealing out of minimal justice. It is not as if claimant made his best case in the first instance and failed in his first effort.

Moreover, the State Industrial Court has not always been considered as subject to the same strictness either of procedural rules or application of such rules.

Further, if the Industrial Court erred, the appropriateness of a test by application for treatment in an original proceeding for a writ of prohibition rather than by petition for review is doubted.

See authorities cited by the majority. See particularly discussion of Dr. P's medical report, *Oklahoma City v. Fain*, 531 P.2d 1023, 1026.

I respectfully dissent.