UNITED STATES FIDELITY & GUARAN-
TY CO. et al. v. STATE INDUS-
TRIAL COM. et al.

No. 16318—Opinion Filed Dec. 15, 1925.

1. **Master and Servant—Workmen's Compensation Law—Modification of Award for "Change in Conditions."**

Section 7296, C. S. 1921, contained in the Workmen's Compensation Act, providing that the Industrial Commission may review an award at any time, "on the ground of a change in conditions," should be liberally construed in the interest of the employe, and authorizes the Commission to take into consideration all of the conditions, pathological, physical and industrial, which may in any way have a direct bearing on the rights of the injured employe.

2. **Same—Allowance of Compensation—Discharge by Employer as Ground.**

Where the Industrial Commission finds that the claimant was injured while in the employ of the petitioners, and in the course of his employment, but refuses to make any award because the claimant has lost no time and is still receiving the same wages from his employer that he received prior to receiving the injury complained of, and thereafter the claimant is discharged and the injury sustained is shown to still exist, which incapacitates the claimant, the Commission may take into consideration the fact that the claimant has been discharged, in determining whether or not an award should be made on a review of the former hearing.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Action to review award of State Industrial Commission in favor of Chester. D. Knepper against the United States Fidelity & Guaranty Company and another. Affirmed.

Geo. B. Rittenhouse, F. A. Rittenhouse, and Frank E. Lee, for petitioners.

The Attorney General, for respondents.

Opinion by JONES, C. This action involves an appeal by the petitioners from an award made by the respondents, wherein the State Industrial Commission made a certain award to the respondent, Knepper, of $18 per week for a period of 54 weeks, for an alleged injury sustained by the respondent, Knepper, while attempting to lift a tool box, under the direction of the superintendent, which is alleged to have caused a rupture resulting in hernia. The petitioners first contended that the Industrial Commission had no jurisdiction to entertain the complaint or application filed in the case, and upon which the award was based, for the reason that the statute of limitation had run against the claim. It appears from the record that the respondent was injured on the 8th day of June, 1922, that he filed his claim for compensation in due time, and upon hearing of same by the Industrial Commission, the following order was made:

"Order.

"Oklahoma City, Okla., 2-14-23. Chester D. Knepper v. the Texas Company, U. S. Fidelity & Guaranty Co. Commission No. 35,-247. The Commission, having examined the reports on file in this cause, finds: That the claimant was injured while in the employ of the respondent and in the course of his employment; lost no time. It is therefore ordered that compensation in this cause be and it is denied, and that the respondent or the insurance carrier pay all medical expenses incurred by the claimant as a result of said accident."

The Commission on this hearing found that the claimant was injured while in the employ of the respondent and in the course of his employment, but further found that he had "lost no time" by reason of the injury, and made an award requiring the respondent or insurance carrier to pay all medical expenses. No appeal was taken from this order of the Commission, and it became final, but at a later date in 1923, the respondent filed an additional complaint alleging a change in conditions, and asked that the Commission review the former award, alleging the fact that respondent had a truss fitted on him and thought his condition would improve, but that his condition had constantly grown worse, that his employer laid him off temporarily in August, 1923, and discharged him permanently May 19, 1924, and that he is now unable to do any work and is permanently disabled, and upon this complaint the award here in controversy was made.

Section 7296, C. S. 1921, provides:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the Commission may at any time review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation

previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall effect such award as regards any money already paid."

This section authorizing a review of awards upon "a change in conditions," and the last paragraph of section 729o, subd. 3, C. S. 1921, provides for a "reconsideration of the degree of such impairment by the Commission on its own motion or upon the application of any party in interest."

And petitioners contend that there was no proof of any change that would justify the Commission in a reconsideration or review of the award theretofore made, and in fact contend that no award was made. The evidence is brief. There were only two witnesses; the respondent, Knepper, and his attending physician, Dr. Reese. The proceeding had on the first complaint before the Commission was not offered in evidence, and the only portion of it which we have is the order made which is called to our attention by the petitioners in their brief, and which has heretofore been copied in this opinion, and it seems that the Commission refused to make any award for compensation other than for medical expenses, because the respondent had "lost no time" from his work or employment, and hence had lost no wages. Evidently, the Commission bases the present award on a change in conditions, in that the respondent had been discharged, and, as shown by the evidence, was unable to return to his original employment as a driller, and had been unable to secure any employment which he was capable of performing, coupled with the additional fact, as disclosed by the testimony, that he could not wear a truss satisfactorily, and was not able to perform manual labor which required any strength. The evidence disclosed that he had undergone an operation for appendicitis sometime prior to the injury received, and he had not returned to his original work as a driller since that operation. There is also some evidence that he was suffering from a kidney trouble, was 57 years of age, and that he is no longer able to continue his occupation as a driller, and petitioners contend that respondent was not employed as a driller at the time that he received the injury, was not physically capable of performing the work of a driller at that time, and hence suffered no less in wages or earning capacity by reason of the injury sustained; that he continued to perform the same services, draw the same salary, subsequent to the injury that he had drawn and

performed immediately prior thereto, and that he was discharged because the company no longer was in need of his services, and not because of his physical incapacity to perform the services required of him in his position.

The record, as heretofore stated, does not contain any facts disclosed by the former hearing, and we infer from the evidence before us that the hernia became more irritable, and that respondent was unable to control it by reason of wearing a truss, and that in some slight degree he became more and more diabled, and was no longer capable of doing manual labor. Applying the law, which authorizes a review of awards upon a change in conditions, as provided in section 7296, supra, to the above state of facts, inclines us to the opinion that the award of the Commission should be sustained. It will be noted that the last paragraph of section 7290, supra, authorizes a reconsideration "of the degree of such impairment." This evidently has reference to a physical impairment or condition, while section 7296 provides for a review, on "a change in conditions," which we hold might be properly applied to conditions other than physical conditions, and in this case it is evident that the Commission refused to make any other award or compensaton than made at the former hearing, because of the fact that the complainant had lost no time and continued to draw the same salary that he had formerly drawn, and for that reason in their wisdom refused to grant any further compensation, but now it is disclosed that the complainant no longer has employment and by reason of his injury is unable to secure such employment as he has formerly performed, and which he is capable of rendering, which we think justifies the award.

Under the rule announced in the case of Whitehead Coal & Mining Co. v. State Industrial Commission, 86 Okla. 149, 208 Pac. 305, we think the question of limitation is decided adversely to the petitioners' contention in this case. The same rule has been followed in the case of Tidal Refining Co. v. Tivis, 91 Okla. 189, 217 Pac. 163, and other Oklahoma authorities, which hold that the jurisdiction of the Commission after having once vested over a claim is continuing and the only limitation applicable to the Commission is in the maximum amount to be paid to the injured employe, etc. This authority, we think, clearly authorizes the review in this case, and disposes of the question of limitation. A somewhat similar question is involved in the case of Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189

Pac 750. The question of the sufficiency of evidence is a very close question in this case, but we feel, under the construction given the Workmen's Compensation Law by this court and the Supreme Courts of other states, wherein they hold that the law should be construed fairly and liberally in favor of the workman, and following this rule, that the award should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts, C. J. pp. 40, § 34; 132, § 151; 28 R. C. L. p. 823; 4 R. C. L. Supp. p. 1868; 5 R. C. L. Supp. p. 1579. (2) Workmen's Compensation Acts, C. J. p. 132, § 151.