### BLAKE v. SMOCK et al.

No. 21564. Opinion Filed March 10, 1931.

282

Hughes & Dickson and Lillard & Wheeling, for petitioner.

S. J. Clay, J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

CLARK, V. C. J. This is an original action filed in this court by petitioner to review an award of the State Industrial Commission made and entered on the 1st day of July, 1930, in favor of C. P. Smock. The award gave the respondent pay for temporary total disability from June 19, 1929, to October 25, 1929, 15 weeks and three days, less any sum or sums heretofore paid, for respondent's temporary total disability.

The award further finds as a result of the injury respondent suffered a 20 per cent. permanent total disability and judgment and award entered for 20 per cent. of 500 weeks, or a total of 100 weeks, at $15.39 per week, for the permanent partial disability. The petition was filed in this court on July 31, 1930, and on January 12, 1931, a confession of error was filed by the State Industrial Commission, one of the respondents herein, in which the State Industrial Commission admits that its computation as to permanent partial disability was erroneous and cites the holding of this court in the case of M. T. Smith & Sons Drilling Co. v. Breed, 146 Okla. 135, 294 Pac. 137.

After quoting from this case the Commission says it is therefore clear that, under the holdings of this court in the Breed Case, in cases of permanent partial disability, compensation should be computed upon the basis of 300 weeks instead of 500 weeks.

No transcript to the proceedings or record of testimony taken before the Industrial Commission has been filed in this court by petitioner. On February 6, 1931, respondent Smock filed in this court a statement from the secretary of the State Industrial Commission which reads in part as follows:

"This is to certify that the Commission's record of the above case does not disclose that there has been any request from the appellant for a transcript of the evidence in this case, therefore the Commission has been unable to prepare our record for certification to the Supreme Court. Yours very truly, Chester Napps, Secretary."

Petitioner failed to prosecute his cause herein with due diligence, and there appears from the petition and certified copy of award filed herein that there was no error of the State Industrial Commission in making the award for temporary total disability for 15 weeks and three days at $15.39 per week. Said award for temporary total disability for the 15 weeks and three days is affirmed. It appears from the petition filed in this court by petitioner and the certified copy of award attached thereto that the Industrial Commission erred in fixing the amount of permanent partial disability of respondent herein.

This court in the case of the Texas Company v. Roberts, 146 Okla. 140, 294 Pac. 180, in the first and second paragraphs of the syllabus, held:

"1. Compensation for a permanent partial disability falls within the third subdivision of section 7290, C. O. S. 1921, as amended by c. 61, sec. 6, S. L. 1923, and where such permanent partial disability is not one of those specifically mentioned, it falls within the classification of 'other cases,' and is calculated upon the basis of 66⅔ per cent. of the difference between the previous average weekly wage and the subsequent wage-earning capacity, and continues during such partial disability, but not to exceed 300 weeks."

"2. Such an award under other cases (subdivision 3, section 7290, C. O. S. 1921, as amended) is for incapacity to work as a result of injury, which under a liberal interpretation of the law means compensation for loss of earning power of the workman as a result of injury, whether the loss manifests itself in inability to perform obtainable work or inability to secure work to do."

The confession of error contends that the award for permanent disability should be computed on the basis of 300 weeks. This is error. The award should be computed on the difference between the previous average weekly wage and the subsequent wage earning capacity with 300 weeks as a maximum number of weeks that could be allowed, but subject to reconsideration of the degree of such impairment by the Commis-

sion on its own motion or upon the application of any party in interest.

The award for temporary total disability is affirmed. The award for permanent partial disability is reversed, with directions to the State Industrial Commission to determine the same in accordance with the views and law herein expressed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (2) anno. L. R. A. 1917D, 168: 28 R. C. L. p. 820; R. C. L. Perm. Supp. p. 6243.