BAKER v. INDIAN MINING & ROYALTY Co. et al.

*99 P. 2d 1038.*

No. 29348. March 5, 1940.

E. G. Avery and Felix Church, both of Miami, for petitioner.

A. L. Commons, of Miami, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Lawson Baker, as petitioner, to obtain a review of an order of the State Industrial Commission which denied an application to reopen on change in condition on the ground that the same was barred by special statute of limitations.

The petitioner has neglected and refused to furnish a record of the proceedings had before the State Industrial Commission. Under these circumstances this court will presume that the findings of fact made by the commission were supported by competent evidence. Sparkman v. Cosden Pipe Line Co., 182 Okla. 184, 77 P. 2d 21.

It is conceded that the petitioner sustained a compensable injury to his right eye on October 19, 1936, and that settlement for 32½ per cent. permanent partial disability to said member was made under Form 14 Stipulation and Agreement, which was approved by the State Industrial Commission by an order dated September 7, 1937. The sole question presented here is whether the application to reopen, which was filed on April 3, 1939, was barred. The order under review shows that it was made after hearings held to determine whether petitioner had sustained a change in condition, and that the commission found as a fact that the application had been filed too late. The jurisdiction of the State Industrial Commission to reopen any cause upon change in condition is prescribed by section 4, chap. 29, S. L. 1933, the pertinent portion of which reads as follows:

"The jurisdiction of the commission to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the commission had the condition of claimant existed at the time original award was made thereon, and unless filed within said period of time shall be forever barred."

While the period in which the State Industrial Commission has jurisdiction to reopen a cause runs from the date of the original order or award (Earl W. Baker v. Morris, 176 Okla. 68, 54 P. 2d 353), such period is to be calculated upon the basis of disability then existing, and consequently becomes a question of fact for the determination of the Industrial Commission in each case. It well may be that in making the order now under review the Industrial Commission had before it evidence which showed that the condition of petitioner was then such that had it been the same on September 7, 1937, any permissible award which could have been made would have expired prior to the filing of the present application. In the absence of any evidence to the contrary, we must presume that the finding was based upon competent evidence. The order as made appears to be in conformity with the law, and therefore should not be disturbed.

Order sustained.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, CORN, and HURST, JJ., concur.