ROBERSON v. DIERKS et al.

No. 30142.    July 1, 1941.

Rehearing Denied Sept. 9, 1941.

*116 P. 2d 704.*

Claud Briggs and Tom Aggas, both of Oklahoma City, for petitioner.

McPherren & Maurer, of Oklahoma City, for respondents.

OSBORN, J. This is an original proceeding in this court instituted by Ed Roberson, hereinafter referred to as petitioner, against Herbert Dierks and Walter Graff, trustees of Pine Valley Lumber Company, and Dierks Lumber & Coal Company, hereinafter referred to as respondents, to review an order of the State Industrial Commission wherein the commission denied petitioner's

application to reopen his case and award additional compensation and benefits. The commission held that the claim was barred by the statute of limitations and that it was without jurisdiction to entertain the same.

On December 20, 1934, petitioner, while employed by respondents, sustained an accidental injury in which he fractured both bones of his right leg near the ankle. On January 30, 1937, a settlement agreement, entered upon the commission's form No. 14, was approved by the commission. This settlement included payment of temporary total disability from December 25, 1934, to January 11, 1937, and compensation for 63.16 per cent loss of use of the right leg below the knee.

On August 30, 1940, petitioner filed an application to reopen, alleging that about the month of May, 1938, the condition of his leg changed for the worse, and that said condition continued to grow worse until the date of the filing of the motion; that since July 1, 1940, claimant became and still was temporarily totally disabled and in need of medical care; that on account of such change of condition claimant was entitled to an award for further medical care, for temporary total disability and for permanent total loss of use of the member. Attached to the motion was a written report of petitioner's doctor in which it was stated that petitioner was temporarily totally disabled and unable to do any type of manual labor and recommended that petitioner be placed in a hospital for treatment of his leg.

A hearing was held upon the application to reopen. The evidence of the medical men was conflicting. It was shown that some ulcers had developed on petitioner's leg in the area of the former injury. Petitioner's witness testified that said ulcers were related to and connected with the accidental injury of December 20, 1934; while respondents' witnesses testified that there was no connection between the ulcers and the former injury, but that the

same were traceable to other causes. At the conclusion of the hearing the trial commissioner entered the following finding and order:

"That claimant's application to reopen said cause and award additional compensation should be denied for the reason that same was not filed within the time prescribed by law and is barred by the statute of limitations and this commission is without jurisdiction herein.

"It is, therefore, ordered by the trial commissioner that claimant's application to reopen this cause and award additional compensation be and the same is hereby denied for the reason that same was not filed within the time prescribed by law and is barred by the statutes of limitation and this commission is without further jurisdiction herein."

The order was affirmed by the commission sitting en banc.

Section 4, ch. 29, Session Laws 1933, 85 Okla. St. Ann. § 43, in part, provides:

"The jurisdiction of the commission to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the commission had the condition of claimant existed at the time original award was made thereon and unless filed within said period of time, shall be forever barred."

We have not heretofore been called upon to construe this statute in a case where additional compensation for temporary total disability was sought.

In order to determine the maximum period for which compensation could have originally been awarded by the commission, it is necessary to determine the meaning of the language "had the condition of claimant existed at the time original award was made." In the instant case it is alleged that such condition was that of temporary total disability. For the purpose of determining the jurisdictional question presented, we must assume that on the date of the

filing of the motion to reopen, such was the condition of the petitioner.

The language "condition of the claimant" clearly refers to his physical condition, that is, the nature and extent of his disability upon the date of filing the motion to reopen, which disability is attributable to the original injury. Thus, when the "condition of claimant" is determined, the period of limitations is fixed by reference to the statute fixing the "maximum period of time measured by the number of weeks for which compensation could have been awarded" for the particular disability involved.

That maximum in the instant case is fixed by subsection 2, section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, which is as follows:

"Temporary Total Disability: In case of temporary total disability, sixty-six and two-thirds per centum of the average weekly wages shall be paid to the employee during the continuance thereof, *but not in excess of three hundred weeks*, except as otherwise provided in this act."

It is immaterial for the purpose of fixing a period of limitation what portion of the period of 300 weeks had expired or what portion of the award had been paid, and this for the reason that the sole purpose of the above-quoted portion of section 4, ch. 29, supra, is to fix a period of limitation.

The act does not purport to fix definite periods of limitation and requires reference to the provisions of other statutes in order to determine the applicable period of limitations in each particular case. When the nature of the disability involved is determined, the maximum number of weeks for which compensation for that disability might

have been awarded thereupon becomes the period of limitations. This, as we conceive it, is the meaning of the language employed by the Legislature in the above-quoted statute of limitations.

The parties have called our attention to the cases of E. W. Baker & Co. v. Morris, 176 Okla. 68, 54 P. 2d 353; Baker v. Indian Mining & Royalty Co., 186 Okla. 644, 99 P. 2d 1039, and Behling v. Fox Rig & Lumber Co., 187 Okla. 682, 105 P. 2d 532. These cases involve a construction of the statute of limitations with which we are dealing here, but there were involved therein various degrees of permanent partial disability. There are no degrees of temporary total disability; therefore, the maximum number of weeks which constitutes the period of limitation involved herein is fixed by the express language of the statute. Since, under the facts involved in this case, the bar of the statute did not fall against petitioner's claim for additional compensation for temporary total disability until the expiration of 300 weeks from the date of the original award, the conclusion of the Industrial Commission that it was without jurisdiction is erroneous.

We have expressed no opinion with regard to the issues of fact involved herein, since it is the province of the Industrial Commission to determine those issues.

The order is vacated and the cause remanded, with directions to proceed in accordance with the views herein expressed.

CORN, V. C. J., and RILEY, BAYLESS, GIBSON, and DAVISON, JJ., concur. WELCH, C. J., and HURST and ARNOLD, JJ., absent.