UPSHAW v. CHAMPLIN REFINING CO.

No. 30911. Feb. 15, 1944.

Rehearing Denied March 28, 1944.

*146 P. 2d 1008.*

C. C. Harris and Williams & Teague, all of Oklahoma City, for petitioner.

Nathan Scarritt and E. S. Champlin, both of Enid, for respondent.

ARNOLD, J. This is an original proceeding commenced here by an injured workman to review an order of the State Industrial Commission dismissing his application to reopen his cause on

the ground of change of condition, and to award compensation for permanent total disability.

The only question for determination is whether the application to reopen was filed within the limitation of time fixed by the statute. (85 O. S. 1941 § 43.)

Claimant was injured on March 23, 1931. The employer voluntarily paid him for 73 weeks on account of temporary total disability, up to and including August 23, 1932.

On October 28, 1932, the commission by its first order in the case awarded claimant 87½ weeks compensation for permanent partial loss of use of his left leg.

On January 31, 1942, the aforesaid application to reopen was filed. The commission sustained the respondent's contention that the application was not filed within the time allowed by the statute, above, and dismissed the application for want of jurisdiction.

The portion of said section 43 material here reads as follows:

"The jurisdiction of the commission to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the commission had the condition of claimant existed at the time original award was made thereon, and unless filed within said period of time, shall be forever barred."

For the purposes of the motion to dismiss for want of jurisdiction, the parties assumed that the claimant had suffered a change in condition as alleged in his application.

Claimant's contention is that since the statute, 85 O. S. 1941 § 22, authorizes compensation for total disability to extend for a period of 500 weeks, the limitation placed on his application by section 43, above, was 500 weeks from the date of the first award, October 28, 1932.

Respondent's position is that had claimant's alleged permanent total dis-ability existed on the date of the first award, October 28, 1932, the commission could have awarded only 427 weeks' compensation at that time, since respondent had theretofore paid claimant full compensation for 73 weeks' total disability; that under such circumstances the limitation period as fixed by said section 43 constituted 427 weeks from the date of the first award, and since the application was not filed within that period, it was barred.

The Workmen's Compensation Act is remedial in nature, providing compensation, in lieu of wages, for the support of injured workmen. The act should be construed liberally in all respects in favor of the injured workman.

The maximum number of weeks for which compensation, in any event, may be awarded to an injured workman is 500 weeks. Temporary total disability, under the act, and payments therefor constitute "compensation" under the statute. However, payments made for a period of temporary total disability, or any part thereof, or an order of the commission entered therefor, does not start the statute of limitation running. See New State Ice Co. v. Sanford et al., 167 Okla. 435, 30 P. 2d 708; Pure Oil Co. v. State Industrial Commission, 181 Okla. 176, 72 P. 2d 779; Fournier Stucco & Plastering Co. et al. v. Greer et al., 187 Okla. 589, 104 P. 2d 423; and the other cases to the same effect.

The limitation provided by the Workmen's Compensation Act, supra, does not start running until an order is entered by the commission for permanent partial disability or it is determined by the commission that no permanent disability exists.

Until an award is made for permanent disability, there could be no such thing as reopening on the ground of change of condition. So no cause of action could accrue based on change of condition until after the date of original award for permanent partial disability and the happening of a change in condition.

The beginning point of the statute of limitation having been established, we look to the statute to determine the length of time provided. The statute plainly says that the time within which such a claim may be presented "shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the commission had the condition of claimant existed at the time of original award. . . ." See Roberson v. Dierks, 189 Okla. 283, 116 P. 2d 704. The condition of claimant determines the time afforded within which to file motion to reopen on ground of change of condition.

If the condition of claimant at time of the original award had been permanent total disability, the commission "could have awarded" 500 weeks' compensation. Payments made prior to the entry of an original award have no bearing on the statutory period of limitation provided. Of course, on proper showing, payments voluntarily made should be properly credited.

Any first award of the Industrial Commission for permanent partial disability may, and should, cover the period of time from the date of injury and include the time represented by the permanent partial disability determined to exist at the time of the award. The first award entered in this case, October 28, 1932, was for permanent partial disability. It does not award compensation for the total disability period, but makes findings of fact relative thereto. The commission, in effect, found that the claimant was temporarily totally disabled from the date of his injury to August 23, 1932, a period of 73 weeks, for which he was paid $1,011.05 at the rate of $13.85 per week, which is the weekly compensation adjudged by the commission to be correct; there is no contention herein on these points. In legal effect, the order in question covered the period of time from the date of the injury to and including the expiration date of the permanent partial disability awarded therein. In making first awards, the commission has the power to, and should, award compensation for the period covered by both temporary and partial permanent disability. So-called compensation paid, not in pursuance of an order of the Industrial Commission, whether made on temporary total or partial permanent disability, does not start the statute of limitation running.

Where change of condition is the basis of a claim for additional compensation, the period of limitation for filing same is 500 weeks from date of original award if the condition of claimant is shown to be and the commission finds he is permanently and totally disabled.

That may be the situation in the instant case and it therefore follows that the commission should not have sustained the plea of the statute before hearing testimony. The application of the statute must be determined upon consideration of the facts relative to the condition of claimant in accordance with the views herein expressed.

The order is vacated.

RILEY, OSBORN, HURST, and DAVISON, JJ., concur. CORN, C.J., GIBSON, V.C.J., and BAYLESS, J., dissent. WELCH, J., absent.