FAIRBANKS-MORSE & COMPANY *v.* TOW.

4-7817                                    192 S. W. 2d 545

Opinion delivered February 25, 1946.

*Buzbee, Harrison & Wright,* for appellant.

*M. F. Elms* and *W. A. Leach,* for appellee.

GRIFFIN SMITH, Chief Justice. Harvey Tow, employed by Fairbanks-Morse & Co., filed claim with Workmen's Compensation Commission alleging disability because of "arsenic poisoning and breathing silica dust [resulting from] the operation of a lathe." Other allegations were sufficient to require consideration of the claim under Act 319 of 1939.

An award of $2,000 was made on the ground that disability through inhalation of silica dust occurred June 26, 1943. The Commission's conclusions of law were that aggregate compensation payable an employee or dependent ". . . for disability and death from uncomplicated silicosis shall be limited to $500 as of the effective date of the Act (December 5, 1940), and increase thereafter at the rate of $50 per month until the limit of such benefits fixed in the Act is reached, and thereafter the total aggregate of such compensation and benefits shall be the total compensation and benefits otherwise provided [by § 14(b) (3) of Act 319]."

It was then said that, disability having occurred during June, 1943, the total sum due was $2,000. This result appears to have been arrived at by taking the 30 months following December, 1940, and including June, 1943, counting June as a whole month. This total of

thirty months was multiplied by $50, and to the $1,500 so ascertained was added to the item of $500 mentioned in the Act.

On Tow's cross-appeal Circuit Court affirmed the $2,000, but added $5,000 to the judgment, saying: "Compensation [is] payable according to § 13 of Act 319 . . . at the rate of $20 per week from . . . June 26, 1943. The accumulated payments . . . to this date, amounting to $2,117.10, shall be paid forthwith, and thereafter [payments shall be] at the rate of $20 per week so long as permanent disability shall continue or until the total award shall be paid in full if such disability should continue."

We dispose of the Company's first objection—that is, to the payment of *any* sum—by holding that a question of fact was presented for the Commission's determination. Section 14(d) (1) authorizes the Commission to appoint a Medical Board composed of three members, "who shall be qualified to diagnose and report on occupational diseases." Preceding the section authorizing creation of such a board, there are references to it and to its functions. The question before us is not whether the Legislative intent was to permit the Commission to appoint a permanent board, as distinguished from temporary boards composed of specialists who might be thought best qualified to diagnose a particular ailment or claim embraced within the list mentioned by the Act. There is no contention that the Board was not composed of competent men, although it is insisted that failure to make examinations, or take testimony considered by appellants as essential, prejudiced the result. The Medical Board made two reports: one August 14, 1944, stating the claimant was suffering from silicosis "and his impairment is permanent."

On review the Board (May 10, 1945) affirmed its former findings. It is now objected that the record does not affirmatively show that the Board made independent investigations. It is also contended that language in the testimony of physicians who gave evidence before the

Compensation Commission before the Medical Board acted does not justify the determination that Tow was afflicted with silicosis, hence the argument that a final opinion predicated upon a record devoid of the character of proof discussed should not be accepted. Section 14(a) (9) of Act 319 provides that an employer shall not be liable for any compensation ". . . unless such [occupational] disease shall be due to the nature of an employment in which the hazards of such disease actually exist, and are characteristic thereof and peculiar to the trade, occupation, process, or employment. . . ."

A judge, reading the Medical Board's report, might conclude that he would have handled the matter in a different way. At least the unpronounceable words employed would no doubt refer to possible obscurities of a legal character rather than of a medical nature; but the Board as such was authorized by the General Assembly, and it was appointed by the Commission. To a very considerable extent the methods it employs (unless expressly or by necessary implication set out by statute) must be those best suited to the immediate situation, or to the subject of inquiry. We must assume—and there is nothing in the record detracting from this assumption—that the Board considered Tow's case from all of the angles competent men so entrusted would be expected to adopt; and, since the matters it determines are essentially professional, and the legislative intent was to entrust fine distinctions to the Board's judgment, we cannot say that the evidence was deficient.

The next question is, Was Circuit Court's action in adding $5,000 to the Commission's award justified?

Under the heading, "Special Provisions Relating to Particular Diseases," Act 319, § 14(b) (3), compensation for uncomplicated silicosis is payable as provided by § 13 of the Act, ". . . provided that during a transitory period the aggregate compensation . . . shall be limited as follows: If disablement occurs . . . in the calendar month in which this section becomes effective, the total compensation and death benefits payable

shall not exceed $500. If disablement occurs . . . during the next calendar month, the total compensation and death benefits payable shall not exceed $550. Thereafter the total amount of the compensation and death benefits payable for disability and death shall increase at the rate of $50 per month, the aggregate payable in each case to be limited to the foregoing formula for the month in which disability occurs. . . . Such progressive increase in the limits to the aggregate compensation and benefits . . . shall continue until the limit upon such benefits fixed in the Workmen's Compensation Law is reached, and thereafter the total aggregate of such compensation and benefits shall be the total compensation and benefits otherwise provided in this section.''

Appellee argues in support of the Circuit Court judgment for $7,000 that ''. . . if we construe and define 'transitory period' as being that stage of silicosis wherein periods of disablement arise, and the period between the inception of the disease and total and permanent disablement, and if we construe 'If disablement occurs,' as if it were written 'if disablement occurs, and in case of no claim of prior disablement if death occurs' and limit the application of the formula to those cases only arising during a transitory period, where death has occurred, the proviso would take on some semblance of meaning and its application would not offend against the humane purpose of the Act.''

What appears to have been in the legislative mind was that when the Act became effective many (or at least some) employees working under adverse conditions might be affected, or infected, with silicosis, but not to an extent discernible, or causing physical impairment. But the disease, being progressive, would, if the infection continued to prevail, assert itself within a few months, or a few years, depending upon the extent of exposure; hence it seems to have been thought proper to establish compensation of $500 as of the Act's effective date, with a ''transitory'' period—a status changing with the addition of $50 monthly to the amount payable in

compensation as time moved from December 5, 1940, and gradually supplemented the original item until disability occurs or a maximum of $7,000 compensation is reached. This construction relieved industry from paying compensation for certain indeterminate periods of time before the Act became a law, and during which silicosis was present in modified form, but had not reached a stage where diagnosis was possible, nor accompanied by conscious disability. Whatever the purpose may have been, it is certain that but $500 was payable December 5, 1940, and that the amount due claimant increased $50 per month thereafter.

The judgment of the Circuit Court increasing the award by $5,000 is reversed and the cause is remanded with directions that Circuit Court reinstate the Commission's award as limited by it.