OKLAHOMA RY. CO. v. ALSUP et al.

No. 35098.    Jan. 29, 1952.

*240 P. 2d 760.*

F. M. Dudley and Richardson, Shartel & Cochran, Oklahoma City, for petitioner.

Goodson & White, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, J. On October 3, 1947, the State Industrial Commission awarded compensation to respondent herein, H. A. Alsup, against his employer, Oklahoma Railway Company, petitioner herein, on the basis of 20 per cent permanent partial disability to his body as a whole because of accidental injuries sustained by him while in the employ of petitioner. This award has been paid.

On December 9, 1950, respondent filed a motion to reopen because of change in condition for the worse.

The trial commissioner found that respondent subsequent to the prior award had suffered change in condition for the worse and awarded him additional compensation based on 5 per cent additional disability to the body as a whole.

Petitioner brings this action here to review this order and asserts that respondent did not file his motion in time and that his claim for additional compensation is therefore barred by limitation. This contention is well taken. The statute, 85 O.S. 1951 §43, in part provides:

". . . The jurisdiction of the Commission to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the Commission had the condition of claimant existed at the time original award was made thereon and unless filed within said period of time, same shall be forever barred."

If respondent's condition now existing had existed at the time the prior award was made he would have been entitled to compensation on the basis of 25 per cent permanent partial disability to his body as a whole or 125 weeks. He was therefore required under the statute to file his motion to reopen within 125 weeks after the 3rd day of October, 1947. He did not, however, file such motion until approximately 160 weeks thereafter. The motion was filed too late and his claim for additional compensation is barred by limitation. Earl W. Baker & Co. v. Morris, 176 Okla. 68, 54 P. 2d 353; Baker v. Indian Mining & Royalty Co., 186 Okla. 644, 99 P. 2d 1038.

Award vacated.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.