Walter B. WASSON, Petitioner,

v.

TULSA DAIRY SUPPLIES et al. and State Industrial Commission, Respondents.

No. 37232.

Supreme Court of Oklahoma.

June 4, 1957.

Rehearing Denied Sept. 24, 1957.

Ben D. Chapman, Tulsa, for petitioner.

Covington & Donovan, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Chief Justice.

On November 5, 1953, the State Industrial Commission awarded compensation to Walter B. Wasson, petitioner herein, against his employer, Tulsa Dairy Supplies, a corporation, respondent herein, for 25 weeks compensation on the basis of five per cent permanent partial disability to his body as a whole for an accidental injury sustained in 1952 payable at the rate of $25 per week or the total sum of $625. This award has been fully paid and satisfied.

On November 23, 1954, petitioner made application in the form of a letter addressed to the State Industrial Commission to reopen and for additional compensation upon the ground of change in condition for the worse.

The trial commissioner at the close of the evidence at that hearing, after referring to and citing the prior order of the Commission awarding petitioner compensation for 25 weeks, on the basis of five per cent permanent partial disability to his body as a whole, stated that since the entry of the prior award petitioner has suffered a change in condition for the worse due to his original injury, and as a result of such change has sustained additional permanent partial disability to his body as a whole of

7½ per cent for which he is entitled to 37½ weeks additional compensation payable at $25 per week, or the total sum of $937.50, and upon such finding entered an award in favor of petitioner accordingly.

This award was vacated on appeal to the Commission en banc on the sole ground that petitioner's application to reopen was barred by limitation. The petitioner brings the case here to review this order, and contends that it is not supported by the evidence and is contrary to law. We think this contention is well taken. 85 O.S.1951 § 43, in part provides:

"The jurisdiction of the Commission to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the Commission had the condition of claimant existed at the time original award was made thereon and unless filed within said period of time, same shall be forever barred."

In Oklahoma Ry. Co. v. Alsup, 205 Okl. 690, 240 P.2d 760, we held:

"The jurisdiction of the State Industrial Commission to reopen any cause upon change in condition extends for the maximum period of time measured by the number of weeks for which compensation could have been awarded had the changed condition at the time of filing motion to reopen existed at the date of the original award."

See, also, Upshaw v. Champlin Refining Co., 194 Okl. 32, 146 P.2d 1008.

Under the finding of the trial commissioner, which is amply supported by the evidence, if the petitioner's condition now existing had existed at the time the prior award was entered he would have been entitled to recover compensation on the basis of 12½ per cent permanent partial disability to his body as a whole, or 62½ weeks. Petitioner therefore had 62½ weeks after the prior award was entered to make application for additional compensation on the ground of change of condition. The prior award was entered November 5, 1953. Petitioner's application to reopen was made November 23, 1954, approximately 54 weeks after the prior award was entered and was therefore filed in time.

Respondent contends that petitioner had not filed a proper application to reopen on November 23, 1954, for the reason that he failed to attach a proper medical report with his application, as required by the rules of the Commission. It is, however, conceded by respondent his application was filed in time without the medical report. The record discloses that this question was raised by respondent on motion to dismiss for the reason that petitioner's application to reopen is not in accord with 85 O.S.1951 § 43, and rules of the State Industrial Commission, which specifically requires that on motion to reopen for a change of condition that the medical report of one of the doctors who testified at the original hearing must be used as the basis for reopening. The commissioner held the ruling on this motion in abeyance, but granted a continuance to the next Tulsa docket in order to permit petitioner to obtain proper medical report.

Petitioner at the time he filed his application to reopen had attached thereto the report of a doctor who had not examined petitioner prior to the time the original award was made in which he stated that petitioner had a permanent partial disability of from 15 to 20 per cent to his body as a whole as a result of his injury sustained in 1952. Petitioner, however, thereafter and on July 15, 1955, obtained report of a doctor who had examined him at the prior hearing and filed same with the Commission, in which the doctor stated that he had examined petitioner since the prior award was entered; that since said time he had suffered a change in condition for the worse and by reason of his change in condition had sustained additional 15 per cent permanent partial disability to his body as a whole, and that such disability is due to the original injury.

**776**

Respondent asserts that petitioner did not have a proper application on file to reopen on the ground of change in condition until July 15, 1955; that he had not complied with the rules of the Commission until said time in obtaining a medical report to attach to his application, and that such report was not filed until 86 weeks after the original award was entered and was therefore not filed in time. We do not agree. The statute requires no particular form of pleading in order to reopen an award on the ground of change in condition, nor does it require that a medical report be attached to the application to reopen. It provides:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the Commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall effect such award as regards any money already paid." 85 O.S. 1951 § 28.

Assuming, without deciding, the rule of the State Industrial Commission relied upon to be valid, and that the State Industrial Commission had the power to control the statute of limitations by rule, the rule was made by the State Industrial Commission and it therefore had the power to relax the rule, Glasgow v. State Industrial Commission, 120 Okl. 37, 250 P. 138, and Mead Bros., Inc., v. State Industrial Commission, 144 Okl. 279, 291 P. 571, which it did when the trial commissioner continued the case in order to give petitioner time to obtain a proper medical report to present with his application. Petitioner obtained and presented this report as above stated on July 15, 1955, and made it a part of his application to reopen. The obtaining and filing of this report amounted to no more than an amendment of his original application. The amendment in no manner changed petitioner's claim and did not in any manner change the relief requested. The amendment therefore related back to the date of the filing of the original application and was filed in time.

We have carefully examined the record and reached the conclusion that there is no basis under the evidence to support the conclusion of the Commission en banc that petitioner's application is barred by limitation.

Order vacated for further proceedings in accordance with the views herein expressed.

CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, and JACKSON, JJ., concur.