**SOUTHWEST STONE COMPANY and the State Insurance Fund, Petitioners,**

**v.**

**Willie W. WASHINGTON and the State Industrial Court, Respondents.**

No. 40128.

Supreme Court of Oklahoma.

May 7, 1963.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for petitioners.

W. A. McWilliams, Oklahoma City, Gene Stipe, McAlester, Charles R. Nesbitt, Atty. Gen., for respondents.

DAVISON, Justice.

Employer seeks review of an award granting claimant compensation for permanent total disability due to silicosis.

Claimant was intermittently employed in employer's rock crushing plant for an aggregate period of some eleven years be-

tween 1936 and 1955. During a substantial part of this time he performed his duties in the screen room where he was constantly exposed to dense dust emanating from the processed rock material. Laid off on November 16, 1955, as a result of general reduction in force, he was to resume work the following spring. Under the plant rules, each workman whose layoff period exceeded sixty days, was required to undergo a checkup prior to his re-employment. In April 1956, when claimant presented himself for a physical examination by the company physician, he was pronounced unfit for work in dust contaminated areas because he "definitely has silicosis on both sides of his chest." Based on this finding, claimant was rejected for re-employment and has not since been engaged in the plant.

The claim for compensation was originally filed on August 21, 1956. The hearings conducted thereon culminated in an order on April 1, 1957, which found in its pertinent part, that: (a) claimant had been exposed to silica dust in course of his employment at the plant; (b) he contracted silicosis from the inhalation of such dust; (c) as a result of silicosis claimant sustained 60 per centum permanent (partial) disability; and (d) he was therefore not entitled to an award because silicosis is not compensable under the Occupational Disease Amendment to the Workmen's Compensation Act, unless it results in permanent total disability. 85 O.S.1961 § 22, subdiv. 8.

The order so rendered was affirmed by the State Industrial Court en banc, and no further appeal was taken.

The present proceeding had its inception on August 25, 1960, when claimant filed his "motion to reopen upon a change in conditions." Aside from several questions of law to be discussed later in this opinion, the sole issue before the trial tribunal at the hearing upon this motion was whether or not claimant's silicosis had, since the last prior order, advanced to a more disabling stage so as to produce permanent total disability.

The trial tribunal found an interim change in condition, and determined claimant's disability to be permanent and total.

Employer contends that the trial tribunal was unauthorized to entertain the motion to reopen because: (a) the provisions of 85 O.S.1961 § 22, subdiv. 8, and 85 O.S.1961 § 43, "contemplate that a claimant must be totally and permanently disabled from silicosis within a year from his last hazardous exposure;" (b) the motion to reopen was not timely filed; (c) the award fails to determine the point of time at which claimant became permanently totally disabled; (d) the trial tribunal erroneously computed the aggregate amount of statutory benefits allowable for permanent total disability due to silicosis.

■ Employer argues that the right to an award is barred unless permanent total disability from a silicotic condition results within one year from the last hazardous exposure and in support thereof cites 85 O.S. 1961 § 22, subdiv. 8; Cherry v. Eagle-Pitcher Company, Okl., 368 P.2d 833; 85 O.S.1961 § 43, and National Zinc Company v. Hainline, Okl., 360 P.2d 236.

In the present case the claim was filed within the year from the date of the last hazardous exposure. Petitioners cite no statutory provision; or decisional law which declares that, although the claim be timely filed, the right to an award may nonetheless be barred because the *full range* of compensable disability has failed to become manifest within the period of time fixed for the commencement of a proceeding to secure compensation. Our past pronouncements clearly militate against such a conclusion. Parsons v. State Industrial Court, Okl., 372 P.2d 27, 28; Gleason v. State Industrial Court, Okl., 371 P.2d 89.

■ There is a marked distinction between the right to institute a claim, and the right to an award for compensation. The law does not undertake to make the right to institute a claim dependent upon the workman's ability to prove the existence of compensable disability. A workman must timely file a claim to preserve his right to com-

pensation, although he may then have no compensable disability. A workman who is aware, or should be aware, of some injurious effect of his accident, or his last hazardous exposure, may not await the expiration of limitation period to assert his right to compensation. Swafford v. Schoeb, Okl., 359 P.2d 584; National Zinc Company v. Hainline, supra. If an award be denied him solely because of want of compensable disability, the claim may be reopened if his condition should undergo a change within the time fixed by 85 O.S.1961 § 43. Parsons v. State Industrial Court, supra. In fact, the trial tribunal is without authority to predetermine that a present condition would not change as a result of future developments. Knapp v. State Industrial Commission, 195 Okl. 56, 154 P.2d 964, 966.

According to another argument advanced here by the employer, since under the statute no award may be made for permanent partial disability from silicosis, is that the State Industrial Court is powerless to act upon, nor does it acquire jurisdiction over, a claim until the silicotic condition has resulted in the necessary quantum of compensable disability. Upon this theory we are urged that claimant's motion to reopen constituted in reality an original claim for compensation and all proceedings conducted in the trial tribunal prior thereto must be treated as unauthorized, void, or ineffective, since at that time claimant had less than the requisite degree of compensable disability. By this reasoning employer seeks to persuade the court that it was the motion to reopen which operated in law to initiate this proceeding and, since that motion was filed more than a year from November 16, 1955, the date of the last hazardous exposure, the claim was barred by statutory limitation.

A closely analogous argument was rejected by this court in United States Fidelity and Guaranty Co. v. State Industrial Commission, 115 Okl. 273, 244 P. 432. In that case the trial tribunal initially denied an award upon its finding that claimant had not lost the requisite number of work days to qualify for statutory compensation. In a subsequent proceeding on a change in condition claimant succeeded in establishing compensable disability and was granted an award. In sustaining that award this court pointed out that claimant was not precluded by the prior adverse order from reopening the cause and that statutory limitation upon the right to initiate a claim was inapplicable to a proceeding on a change in condition.

The fallacy of employer's argument lies in the assumption that the statutory jurisdiction of the State Industrial Court over a workman's claim for silicosis may be defeated by the absence of compensable disability at the initial hearing. This premise, as pointed out before, does not accord with authority. Moreover, viewing the occupational disease amendment as a whole, it is at once manifest that the provisions thereof do indicate a clear legislative intent to bring under the Workmen's Compensation Act all sufferers of work-connected silicosis, whether they be paritially or totally disabled, although no compensation may be allowed until permanent disability therefrom has progressed from partial to total. Statutes bearing a marked resemblance to ours have been similarly construed by the courts of last resort of other states. A different construction of the statutes could leave the proposition open to argument that a workman remains free to sue the employer in tort to recover for permanent partial disability from work-connected silicosis. Such result would be contrary to the legislative intent to bring the entire class of work-connected silicotics within the jurisdiction of the State Industrial Court and under the Workmen's Compensation Act. See in this connection Del Busto v. E. I. Dupont De Nemours & Co., Inc., 167 Misc. 920, 5 N.Y. S.2d 174; Moffett v. Harbison-Walker Refractories Co., 339 Pa. 112, 14 A.2d 111; Masich v. United States Smelting, Refining & Mining Co., 113 Utah 101, 191 P.2d 612.

We therefore conclude that the trial tribunal was authorized and required to entertain claimant's motion to reopen, and that his right to an award did not become barred

by failure of permanent total disability to develop within one year from November 16, 1955, the date of his last hazardous exposure.

■ Employer next argues that under the limitation provisions of 85 O.S.1961 § 43, the right to reopen the claim under review was barred at the time of its filing.

The period of time provided in 85 O.S. 1961 § 43, for reopening claims runs from the date of determination of existence or nonexistence of compensable permanent disability, and extends for the number of weeks for which compensation could have been awarded by the trial tribunal, if the changed condition had existed at the time of the original order or award. The extent of compensable disability found to be present in an injured workman, when proceeding to reopen is brought, determines the time allowed by statute for filing a motion to secure compensation on a change in condition. Roberson v. Dierks, 189 Okl. 283, 116 P.2d 704, 706; Upshaw v. Champlin Refining Co., 194 Okl. 32, 146 P.2d 1008. In the last cited case we held that, where a change of condition forms the basis of a claim for benefits, the period of limitation for filing same is 500 weeks from the date of the order determining the existence or nonexistence of permanent compensable disability, if the changed condition is found to render claimant permanently and totally disabled.

■ The motion to reopen in the present cause was admittedly filed within 500 weeks from the prior order of April 1, 1957, which found that claimant's condition from silicosis rendered him permanently disabled to the extent of 60 per centum. The award under review determined, upon competent evidence, claimant's disability, as a result of the interim change, to be permanent and total. The motion to reopen was therefore timely instituted.

■ Employer argues that inasmuch as during the transitory period provided in 85 O.S.1961 § 22, subdiv. 8, an award for silicosis is not, strictly speaking, measured in terms of weeks but is calculated at a

special low rate, the time for reopening a claim should be limited to a shorter period computed on the basis of actual pecuniary benefits claimant could have received on April 1, 1957, had he then been permanently totally disabled.

The provisions of the cited statute do not undertake to alter the overall system of compensation benefits, but provide merely a graduated low rate of compensation during the transitory period in order to relieve industry from the immediate impact of an added burden. See Industrial Commission of Colorado v. Alspaugh, 124 Colo. 321, 236 P.2d 1081; Fairbanks-Morse & Co. v. Tow, 209 Ark. 815, 192 S.W.2d 545, 547. The escalator rate scale so fixed may not be viewed as operating to in any way restrict or amend the existing limitation provisions of 85 O.S.1961 § 43.

Lastly, employer complains that the trial tribunal failed to determine the date at which claimant became permanently totally disabled.

■ The point of time at which permanent total disability arises governs the amount of benefits which may be allowed under the "escalator" rates of compensation provided for the transitory period by the terms of 85 O.S.1961 § 22, subdiv. 8. These provisions, so far as pertinent, are:

"* * * provided further that, during a transitory period, the aggregate compensation payable to employees and their dependents for disability and death from silicosis or asbestosis shall be limited as follows: If disablement occurs or, in case of no claim for prior disablement, if death occurs in the calendar month in which the amendments to this Act become effective allowing compensation under this Act for the occupational diseases of silicosis and asbestosis, the *total compensation* and death benefits shall not exceed the sum of One Thousand Dollars ($1,000). If disablement occurs or, in case of no claim for prior disablement, if death occurs during the next calendar month, the *total compensation* and death bene-

fits payable shall not exceed Eleven Hundred Dollars ($1100.00). Thereafter the *total amount* of the compensation and death benefits payable for disability and death shall increase at the rate of One Hundred Dollars ($100.00) per month, the aggregate payable in each case to be limited according to the foregoing formula for the month in *which disability occurs* or, in case of no claim for prior disablement, in which death occurs. Such progressive increase in the limits to the aggregate compensation and benefits for disability and death shall continue until the limit upon such benefits fixed in this Section, or other Sections of the Workmen's Compensation Law of this State, is reached, and thereafter the total aggregate of such compensation and benefits shall be the total compensation and benefits otherwise provided in this Section, or other Sections of the Workmen's Compensation Law of this State." (emphasis ours)

■ The award fails to determine the point of time at which claimant's silicotic condition had advanced to the stage of permanent total disability. This finding was material and necessary to a proper computation of the amount of benefits to be allowed under 85 O.S.1961 § 22, subdiv. 8.

The trial tribunal therefore erred in (a) failing to fix the time when claimant's silicotic condition underwent a change from permanent partial to permanent total disability and (b) in failing to limit the amount of benefits to the rate scale provided in 85 O.S.1961 § 22, subdiv. 8.

The award is accordingly vacated with directions to determine the point of time when claimant became permanently totally disabled and to compute the aggregate benefits in accordance with the limits fixed by the statutory rate for silicosis.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.