Clay WARD, Petitioner,

v.

STATE INDUSTRIAL COURT of Oklahoma and Special Indemnity Fund of the State of Oklahoma only, Respondents.

No. 40760.

Supreme Court of Oklahoma.

Sept. 22, 1964.

Brown, Brown & Brown, by Preslie H. Brown, McAlester, for petitioner.

Mont R. Powell, Guy Secor, Oklahoma City, for respondents.

IRWIN, Justice.

Petitioner, claimant below, seeks review of the State Industrial Court's order denying him an award against the Special Indemnity Fund. The trial tribunal denied the award on its determination that claimant's prior injuries were not combinable with the last injury and that he was not permanently and totally disabled to perform ordinary manual labor. The sole contention presented on review is that the order denying the award is not based on sufficient evidence and contrary to all the evidence submitted on behalf of claimant.

The present proceeding for review was commenced on November 1, 1963, by filing a petition for review and causing notice to be issued to the adverse parties. However, claimant did not file with this Court, within forty-five (45) days from the date the petition for review was filed, a transcript of the record and proceedings before the State Industrial Court, nor apply to this Court for an extension of time to file such transcript, nor file such transcript within the maximum period of ninety (90) days from the date the petition for review was filed.

Title 85 O.S.Supp.1963 § 29, which became effective September 13, 1963, requires a petitioner to file with this Court within forty-five (45) days from the date the petition for review is filed, a transcript of the record and proceedings before the State Industrial Court. This section also authorizes this Court, upon application and for good cause shown, to "extend the time for filing said transcript of the record for a period of time not to exceed ninety (90) days from said date, * * *."

The maximum period for filing the transcript has now expired and there is no statutory authority authorizing the filing of such transcript if one were tendered. Therefore, since the petitioner has failed to timely file a transcript of the record and the proceedings before the State Industrial Court as required by Section 29, supra, this Court will presume that the findings of fact made by the trial tribunal rests on competent evidence so as to be binding and conclusive on review. See 85 O.S.1961 § 26; Blake v. Smock, 147 Okl. 281, 296 P. 750; Sparkman v. Cosden Pipe Line Co., 182 Okl. 184, 77 P.2d 21; and Baker v. Indian Mining & Royalty Co., 186 Okl. 644, 99 P.2d 1038.

No error of law which could be considered without a transcript of record and evidence is assigned in the petition for review and petitioner failed to submit a brief supporting the contentions sought to be advanced. A proceeding for review of an order by the State Industrial Court will be considered abandoned and subject to dismissal for want of prosecution, where one who has invoked the reviewing cognizance of this Court fails to submit a brief in support of the errors assigned. Davis v. State Industrial Commission, 68 Okl. 150, 172 P. 638; Gray v. Oklahoma Gas & Electric Co. et al., 165 Okl. 301, 25 P.2d 761; Holmes v. City of Muskogee et al., 169 Okl. 514, 37 P.2d 982.

The adverse order sought to be reviewed appears regular on its face and the disposition made within the range of the trial tribunal's jurisdictional limits. There is no

record before this Court upon which a decision on the merits of this cause could be rendered. No brief has been filed in support of errors of law, if any were sought to be urged. This cause has not been prosecuted with due diligence.

Proceeding dismissed for want of prosecution.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS and JACKSON. JJ., concur.