**AMERICAN ST. GOBAIN CORPORATION and Employers Insurance Company of Wausau, Petitioners,**

v.

**Marcel P. LeGRAND and the State Industrial Court, Respondents.**

**No. 44796.**

Supreme Court of Oklahoma.

June 15, 1971.

Rehearing Denied July 13, 1971.

Whitten & McDaniel by Dale F. Whitten, Tulsa, for petitioners.

Bailey & Ash, Okmulgee, for respondents.

BERRY, Chief Justice.

Petition for review of an award entered in the State Industrial Court was timely filed in this court on February 25, 1971. Transcript of record is to be filed within ninety days after filing petition for review. 85 O.S.Supp. § 29 (1967); Rule 1.104(b) Civil Appeals Rules, 12 O.S. following § 993 (1970); Ward v. State Industrial Court, Okl., 395 P.2d 578, 579.

Civil Appeals Rule 1.101(a) (II) contemplates that any defect in a proceeding to obtain appellate review of final adjudications in the State Industrial Court, other than timely commencement, will be by this court disregarded unless a substantial right is affected, and no such defect, if correctable shall result in dismissal of the appeal.

The remedial nature of the Workmen's Compensation Law, 85 O.S.1961 § 1 et seq., is axiomatic. Construction of its provisions should be liberal and the law considered in its entirety in favor of those who, by terms of the act, are deprived of ordinary remedies open to others not within its purview. Burger v. Lickliter, Okl., 319 P. 2d 594; Landrum v. Ownby, Okl., 290 P.2d 400. A primal purpose of workmen's compensation legislation is swift resolution of issues in litigation of related claims. Limitation of the interval allowed for perfecting an appeal is substantial in the very real sense that workmen subject to the legislation and their families probably must rely upon an award to counterbalance a lessened, or lost livelihood. Where final resolution of the claim is delayed time is substantial.

Petitioners allege five grounds for error each of which goes to the question of whether there was competent evidence adduced by the claimant whose claim is based on worsening of his condition since a former related award. No error of law which could be considered without a transcript of the evidence is alleged. The order sought to be reviewed appears regular on its face and the award made is within the jurisdiction of the trial tribunal.

The cause is accordingly dismissed for want of prosecution.

All Justices concur.