**Steven K. COLLIER, Petitioner,**

v.

**JERNIGAN DRILLING COMPANY, United States Fidelity & Guaranty Company and Workers' Compensation Court, Respondents.**

**No. 59430.**

Court of Appeals of Oklahoma, Division No. 2.

April 12, 1983.

Released for Publication by Order of the Court of Appeals May 13, 1983.

J. Clark Russell, Russell, Payne & Farber, Oklahoma City, for petitioner.

Chris Sturm, Sturm & Dasovich, Oklahoma City, for respondents.

BACON, Presiding Judge.

This is a worker's compensation case involving the computation of the statute of limitations for reopening a cause based upon a change of condition. Worker is appealing an order finding his claim for *further* permanent partial disability was barred by the statute of limitations.

The record reflects that on June 6, 1977, worker, Steven Collier, injured his right foot while working for employer, Jernigan Drilling Company. On October 3, 1978, the Workers' Compensation Court approved a Form 14 settlement awarding worker 36 percent permanent disability to the right foot.

At this time we point out that the record is incomplete and confusing, but from the record that is before us, it appears the following facts took place and are undisputed. That on December 10, 1981, worker apparently filed a motion, which is not included in the record, to reopen the case based upon a change of condition. Worker needed further surgery,[1] which employer paid for, and employer also paid temporary compensation from March 26, 1982, to May 14, 1982, or a period of seven weeks and one day. Worker next "requested" permanent disability because of the amputated toe. The trial judge on September 8, 1982, found "[t]HAT the statute of limitations has run as to any increase in permanent partial disability to the RIGHT FOOT," while in the same order found that worker "sustained 80 per cent permanent partial disability to the RIGHT SECOND TOE" and awarded worker eight weeks at $50 per week or a total amount of $400. Next in the record appears a "Request for Review" by worker to have the court en banc vacate the trial court's finding that the statute of limitations had run on any increase in permanent partial disability to the right foot. A designation of record by worker follows and then an "Appeal to the Court en banc" by employer urging "that the claim was barred by the statute of limitations." Employer then ordered a designation of record.

1. Worker's first joint of his second toe on his    right foot was amputated.

Finally there appears in the record an "Order on Appeal" by the court en banc, which finds in part as follows:

"THAT claimant's claim for permanent partial disability compensation to RIGHT 2nd TOE is denied for the reason that the claim is barred by the statute of limitations set out in 85 O.S.A. § 43."

Worker now appeals and argues under one proposition for error which reads:

"Claimant's Claim for Permanent Disability was not Barred by the Statute of Limitations."

The thrust of worker's argument is that once the claim was reopened for change of condition, with his surgery expenses and temporary compensation paid, that the claim was opened for all purposes, including the determination of permanent disability.

Employer argues under the following proposition:

"The Statute of Limitations Bars the Claim for Additional Permanent Disability Benefits to both the Right Second Toe and the Right Foot."

Employer's argument is that under 85 O.S. Supp.1977 § 43, worker's claim is barred as to permanent partial disability to the foot or toe.

No reply brief was filed.

Title 85 O.S.Supp.1977 § 43, reads in part as follows:

"The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the Court had the condition of claimant existed at the time original award was made thereon and unless filed within said period of time, same shall be forever barred."

Under 85 O.S.Supp.1977 § 22, compensation for temporary total disability is not to exceed 300 weeks. Section 22 also schedules compensation for permanent partial disability to the toe at 10 weeks and the foot at 150 weeks. Section 22 further provides that loss of the use of a toe shall be considered equivalent to the loss of such toe.

In reading sections 43 and 22 *in pari materia* one can only conclude that a case may be reopened on temporary total disability within 300 weeks from the time the original award was made. To reopen a case for permanent partial disability to the foot (after a prior award of permanent partial disability) one must do so within a maximum of 150 weeks from the time the original award was entered. *Earl W. Baker & Co. v. Morris,* 176 Okl. 68, 54 P.2d 353 (1935). To hold otherwise would render section 43, meaningless.

In *Roberson v. Dierks,* 189 Okl. 283, 116 P.2d 704 (1941), the court in referring to the Workers' Compensation Act, and particularly sections 22 and 43, said:

"The Act does not purport to fix definite periods of limitation and requires reference to the provisions of other statutes in order to determine the applicable period of limitations in each particular case. When the nature of the disability involved is determined, the maximum number of weeks for which compensation for that disability might have been awarded thereupon becomes the period of limitations. This, as we conceive it, is the meaning of the language employed by the Legislature in the above quoted statute of limitations."

We think section 43 is just another example of an old law that was poorly drafted and not thought out completely. We say this because of the tragic results that section 43 can cause. For example, what if worker in the present case had to have his entire leg amputated instead of his second toe. He could not have been awarded any additional permanent partial disability because under the Act the leg is valued at 175 weeks and more than 175 weeks had passed since the original award. It seems to us the legislature should seriously look at a law, which allows up to 300 weeks to reopen a case for temporary disability, but only allows up to 175 weeks to reopen the case if, for example, a leg is amputated.

Worker urges us to hold that once a case is reopened, that it is open for all

issues, such as additional permanent disability. We agree that this would be a fair result, but we cannot say that section 43 would allow such a conclusion. For us to hold as worker urges, we would either have to ignore section 43, or in effect rewrite it. This we will not and cannot do. Only the legislature can. Perhaps it will.

Affirmed.

BOYDSTON and MEANS, JJ., concur.